310 So.2d 430 (1975)
Gloria HOWARD, Appellant,
v.
Robert P. HOWARD, Appellee.
No. 74-1140.
District Court of Appeal of Florida, Fourth District.
April 4, 1975.
Frank Henry Molica, Merritt Island, for appellant.
No appearance for appellee.
DOWNEY, Judge.
The final judgment of dissolution, which is the subject of this appeal, failed to award appellant a special equity in the jointly owned marital domicile. Appellant contends this was error because her parents loaned the parties Four Thousand Dollars in order for the parties to buy a home; that the parents expect to be repaid, but in view of the dissolution of the marriage she will end up having to pay the debt. Appellant relies upon Burns v. Burns, Fla.App. 1965, 174 So.2d 432, as authority for the imposition of a special equity in these circumstances.
The Burns result is equitable. However, the problem here is that we are not entirely sure whether the loan from the parents was made to appellant alone or to appellant and appellee jointly. If the former, then we think a finding of a special equity in the home in favor of appellant would be justified. On the other hand, as the trial judge feared, if the loan was to both parties, the appellee might remain liable to the parents even though a special equity had been awarded to the wife to cover her obligation to the parents.
The appellee failed to participate in the trial court or here, though he was served with process. The transcript is somewhat vague concerning the circumstances surrounding the making of the loan. Accordingly, it appears to us that the cause should be remanded to the trial court for the taking of further testimony regarding the loan from appellant's parents. If the court finds that the loan was actually made to appellant, then following *431 the Burns case we think a special equity should be awarded to appellant for the balance of said loan as of the final hearing. On the other hand, if the trial court determines the loan was made to the parties jointly, then the prayer for a special equity should be denied.
In all other respects the judgment appealed from is affirmed.
Affirmed in part and reversed in part.
OWEN, C.J., and MAGER, J., concur.