356 So.2d 337 (1978)
Edward McCREADY, Appellant,
v.
Lois Miriam McCREADY, Appellee.
No. 76-505.
District Court of Appeal of Florida, Fourth District.
February 22, 1978.
Rehearing Denied April 6, 1978.
*338 Harry G. Carratt of Morgan, Carratt & O'Connor, P.A., and J. Kaylor Young, Fort Lauderdale, for appellant.
Mallory H. Horton of Horton, Perse & Ginsberg, Miami, for appellee.
DOWNEY, Judge.
This dissolution of marriage suit proceeded to final judgment in August 1972. Being dissatisfied with that judgment, the wife appealed. This court reversed the judgment in an opinion published at 301 So.2d 804 (Fla. 4th DCA 1974). The primary basis for the reversal was that the trial court had attempted to effectuate a property settlement for the parties without authority to do so. We were concerned that the trial court's attempted division of the property may have had an effect upon the monetary awards for child support, alimony and attorney's fee. Therefore, we vacated that portion of the judgment also and remanded the cause for further proceedings in accordance with the opinion.
Upon remand the trial court took additional testimony in what it termed a trial de novo. Appellant contends on this appeal that the trial court had no authority to take further testimony. We disagree. While we did not direct the taking of further testimony, nor did we expressly authorize, it, if the trial court in the interest of justice felt it would be appropriate and helpful, we can not conceive of any harm to the parties. After all, a just and proper resolution of the issues should be the ultimate aim of all concerned.
We did not, however, intend that the trial court should hold a trial de novo. Rather, if the trial judge considered additional evidence necessary that additional evidence should have been considered in conjunction with the evidence adduced at the final hearing prior to the initial appeal.
At the conclusion of the additional testimony, the trial judge entered the judgment now under review in which he states the case was tried de novo. Thus, based upon that evidence adduced after remand, the trial judge found that the wife's mother had loaned substantial sums of money to the wife with which the wife had purchased various properties. The title to some of those properties were placed in the joint names of appellant and appellee. The court found that the wife did not intend to make a gift to her husband and thus it was the wife's money alone which bought the properties, since the loans from her mother were made solely to the wife. Therefore, the court decreed that all of the jointly held property belonged to the wife.
Contributions between husband and wife during coverture toward jointly held property are presumed to be gifts. Steinhauer v. Steinhauer, 252 So.2d 825 (Fla.4th DCA 1971). That presumption can only be overcome by clear and convincing evidence, Abbott v. Abbott, 297 So.2d 608 (Fla. 2nd DCA 1974). We have read all of the testimony in this case from both final hearings and conclude that there is inadequate support in the record for the trial judge's conclusion. Without attempting a complete resume of the evidence, suffice to say that the testimony of the wife's mother after remand was contradictory in many respects to the testimony she gave at the original final hearing. During the taking of additional testimony after remand she contended all the money she furnished, much of which was used to purchase the property jointly held by appellant and appellee, was a loan to her daughter. Yet at the first hearing she testified:
"Q. You thought they both would pay you back the money?
"A. Yes.
"Q. So you were loaning the money to both of them?
"A. Yes.
"Q. But it wasn't a gift to both of them?

*339 "A. No, no, look.
"Q. But it wasn't a loan just to your daughter?
"A. No.
"Q. It was a loan to both of them?
"A. Right.
"Q. And both of them were to pay you back?
"A. I presume." (R. 97)
At that first hearing the mother testified that when she loaned the money to her daughter and son-in-law they were to pay her interest and they were to both pay her back. In addition to the numerous contradictions on this vital point, it is of more than passing interest that during the colloquy between the judge and counsel at the initial final hearing, when the judge was discussing a division of the jointly owned properties, there was no protest from the wife that any of the mother's money used to buy the properties was loaned to her alone, thus entitling her to the lion's share of the property.
We do not believe the totality of the evidence will support any other conclusion than that the mother's money used to purchase the jointly held property was a loan to both appellant and appellee. That being true, we are not really concerned with a gift from the appellee to appellant. They bought the property jointly. The money from her mother was a joint loan and they are both indebted for whatever amount the mother can prove. In conclusion, we hold that the appellant and appellee should become tenants in common of their jointly held properties. The amount they owe the mother should be determined in separate litigation. Howard v. Howard, 310 So.2d 430 (Fla. 4th DCA 1975).
There is some indication that there may have been some additional money belonging to the appellee alone which went into the purchase of some of the jointly owned properties. However, we hold the evidence insufficient to overcome the presumption of a gift as to that money. The appellee's only explanation to overcome the presumption was that she thought it was necessary to put the title in their joint names in order to get a mortgage. We find that excuse too fragile from a woman holding a Master's Degree and one who has had substantial experience in property transactions. The foregoing is also applicable to the stock in McCready Investments Corporation.
Appellant also contends the trial court committed reversible error during the taking of additional testimony when he allowed the wife's mother to be represented by counsel who filed a written appearance, examined the mother as a witness and participated in the closing argument. In addition, the mother was not excluded from the hearing room under the rule of exclusion as was requested by the husband. When counsel for the husband objected and requested the mother be excluded because she was not a party to the suit, the trial judge stated:
"She certainly is. It is a 60 or $64,000 special equity. She can't hear him say `I didn't do it.' Overruled."
We agree with appellant that this procedure was aberrant to say the least. The wife as a party to the dissolution proceeding contended that her mother had loaned her money during the marriage to purchase certain properties held by the husband and wife jointly. Thus, the mother's interest (other than the natural maternal desire to see her daughter prevail) was that of a creditor. But she was not a party to the litigation and had no right to participate therein with her own counsel. We would condemn such a practice. All other things being equal, we would not reverse the judgment appealed from on this point alone. However, we feel this unusual procedure probably contributed to the erroneous result reached. Had the mother been excluded from the hearing room the evidence she gave at the second final hearing might have been different, i.e., consistent with their prior testimony.
In view of the foregoing, we reverse paragraphs three and four of the judgment appealed from and remand the cause with directions to enter an amended judgment *340 providing that the property jointly owned by appellant and appellee shall henceforth be held as tenants in common, and all property solely owned by either husband or wife shall remain the sole property of that spouse. In all other respects the decretal part of the judgment of February 12, 1976, shall remain in full force and effect.
REVERSED IN PART AND REMANDED.
ANSTEAD, J., and FOGLE, HARRY W., Associate Judge, concur.