481 So.2d 101 (1986)
Martin K. DONALDSON, Appellant,
v.
Michele M. DONALDSON, Appellee.
No. 85-600.
District Court of Appeal of Florida, Second District.
January 10, 1986.
*102 Wayne J. Boyer of Dunbar, Kimpton, Burke & Boyer, Dunedin, for appellant.
Charles W. Cope and Peggy Burke BeVille of Peacock & Cope, P.A., Clearwater, for appellee.
SCHEB, Judge.
This appeal arises from a final judgment of dissolution of marriage. Martin Donaldson, the former husband, challenges certain dispositions of property and an award of attorney's fees to Michele Donaldson, the former wife. We find merit to only one of the four points he raises. We think he is correct in his contention that the trial court erred in applying the formula set forth in Landay v. Landay, 429 So.2d 1197 (Fla. 1983), in determining how the proceeds from the prospective sale of the marital home must be distributed.
Initially, when the parties bought their marital home as tenants by the entirety, the husband contributed $29,215 from funds outside the marriage to the purchase price of $186,000. The home is currently encumbered by a mortgage debt of approximately $156,000.
Using the Landay formula, the trial court awarded the husband a special equity of 8% over and above his one-half interest in the marital home. Since the parties had requested a partition, the court ruled the husband's 58% interest would be applied to the "excess proceeds of sale."
In Landay the supreme court established a formula to determine the extent of a spouse's special equity in tenancy by the entirety property. The court said that, in addition to the contributing spouse's automatic one-half share, that spouse acquires a special equity equal to one-half the ratio which that spouse's initial contribution to the property bears to the entire consideration. Landay, 429 So.2d at 1200.
Under the trial judge's interpretation of this formula, the husband posits that, if the home sold for $200,000, the "excess proceeds of the sale" would be $44,000, i.e., the sale price less that $156,000 mortgage encumbrance. Thus, the husband would only be entitled to receive .58 X $44,000, or $25,520. He correctly points out that this application of the formula would result in his receiving less than his initial investment of $29,215.
We think the trial judge's application of Landay is incorrect. Rather, we believe that the formula must be applied to the total proceeds of sale, or total value of the property, rather than the excess proceeds. Of course, the total proceeds of sale are those proceeds after deduction of necessary and reasonable expenses incident to sale. Thus, the correct application of the formula to the parties' property would produce the following result:

Sale Price  $200,000
Husband's Share:
 .58 x $200,000 $116,000
Less Husband's Share of
 Mortgage Debt 78,000
 ________
 Husband's Equity $ 38,000
 ________

Accordingly, we reverse the part of the final judgment which applies the husband's special equity in the marital home to the "excess proceeds of sale." We remand for proceedings consistent with this opinion. In all other respects, we affirm the final judgment.
GRIMES, A.C.J., and HALL, J., concur.