503 So.2d 439 (1987)
Barbara L. NEUSTEIN, Appellant,
v.
Monroe NEUSTEIN, Appellee.
No. 85-2710.
District Court of Appeal of Florida, Fourth District.
March 4, 1987.
*440 Joel M. Weissman of Joel M. Weissman, P.A., Palm Beach, for appellant.
Michael L. Cohen of Michael L. Cohen, P.A., West Palm Beach, for appellee.
WEBSTER, PETER D., Associate Judge.
This is an appeal by the wife from a final judgment in a marriage dissolution proceeding. At the time of the final judgment, the parties had been married about five years. There was one child born of the marriage, who was not quite three when the judgment was entered. In addition, the wife had previously had a son whom the husband had adopted. The son was nearly fourteen when the judgment was entered.
The final judgment awards the wife primary residential care of both children (although parental responsibilities are to be shared). The husband is to pay $120.00 a week in child support ($60.00 per child). The husband was permitted visitation with the adopted son as agreed between the parties. The husband was permitted restricted visitation with his three-year-old daughter, apparently because of allegations of possible sexual abuse. The judgment provides for visits one afternoon a week, in the wife's home, for six months. At the end of six months, the husband is to have unsupervised visitation one day a week for another six months, after which the husband is to have normal visitation rights, including alternate weekends and holidays.
The final judgment also awards exclusive use of the marital home to the wife until the fourteen-year-old son becomes eighteen, at which time the home is to be partitioned. In the meantime, the wife is to pay all costs of the home, including the mortgage, insurance and taxes. When the home is sold, the wife is to receive credit for half of all sums paid. In addition, the husband was awarded a $12,000.00 special equity in the home.
On appeal, the wife raises four issues: (1) whether the trial court should have awarded the wife exclusive use of the home until the younger, rather than the older, of the children reaches majority; (2) whether the trial court incorrectly awarded the husband a special equity in the home; (3) whether, assuming the husband is entitled to a special equity in the home, the amount is too high because the trial court failed to apply the Landay formula; and (4) whether the trial court's ruling as to visitation between the husband and his daughter is an abuse of discretion.
The trial court abused its discretion when it awarded the wife exclusive use of the home only until the older child becomes eighteen (in four years). The younger child was only three. The wife should have received exclusive use of the home until she remarries or the younger child reaches majority, marries or is no longer dependent. In Zeller v. Zeller, 396 So.2d 1177, 1179 (Fla. 4th DCA 1981), this Court said:
Although the failure to award exclusive possession of the marital home unto the custodial parent until all of the children attain majority or become emancipated would not always constitute error, such awards are so frequently ordered that they have become a generally accepted principle of the law of divorce.
*441 More recently, in Cabrera v. Cabrera, 484 So.2d 1338, 1339 (Fla. 3d DCA 1986), the Third District said:
Cases dealing with the issue of whether the custodial parent should be awarded exclusive use and possession of the marital home until the children reach majority or the parent remarries have almost without exception answered the question affirmatively.
There is nothing in this case to suggest that it is an exception to the rule.
The evidence is in conflict regarding the husband's claim to a special equity in the home. However, there is competent, substantial evidence in the record to support the trial court's finding, and, therefore, this Court will not substitute its judgment for that of the trial court, sitting as trier of fact. There is merit, however, to the wife's argument that the trial court either failed to apply, or applied incorrectly, the formula for computing special equity set out in Landay v. Landay, 429 So.2d 1197 (Fla. 1983).
The evidence was that the home was purchased for approximately $64,000.00, and that $12,000.00 of the husband's funds were used for the down payment. Applying Landay, the husband's special equity in the home is "one-half the ratio which that spouse's contribution bears to the entire consideration" (429 So.2d at 1200), or $6,000.00; not $12,000.00 as found by the trial court. Thus, on sale of the home, the husband will receive half the sales price plus $6,000.00, and the wife will receive half the sales price less $6,000.00, giving the husband full credit for the down payment from his funds, as he will receive $12,000.00 more than the wife.
Finally, the wife challenges the portion of the judgment which addresses visitation between the husband and his daughter. While this Court might have handled the matter differently had it been the trier of fact, the visitation provisions contain adequate built-in safeguards. In addition, either party can request the trial court to review visitation at any time. Therefore, we are unable to say that the trial court's treatment of visitation between the husband and his daughter was an abuse of discretion.
In summary, we affirm in part; reverse in part; and remand to the trial court. On remand, the trial court should amend the final judgment to give the wife exclusive use of the marital home until she remarries or her younger child reaches majority, marries or is no longer dependent, whichever first occurs. It should also reduce the husband's special equity to $6,000.00. In all other respects, the final judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
HERSEY, C.J., and WALDEN, J., concur.