528 So.2d 97 (1988)
James C. McCARTHY, Appellant,
v.
Catherine J. McCARTHY, Appellee.
No. 87-2240.
District Court of Appeal of Florida, Second District.
July 8, 1988.
James C. McCarthy, pro se.
Daren L. Shippy of Batchelor and Shippy, P.A., Bonita Springs, for appellee.
RYDER, Acting Chief Judge.
Husband raises several interrelated points in his appeal from the trial court's final judgment of dissolution of marriage. In essence, husband contends that the trial court abused its discretion in finding a special equity in favor of wife because of a loan wife's mother made to the couple jointly. We agree.
"The term `special equity' was created to describe a vested interest in property brought into the marriage or acquired during the marriage because of contribution of services or funds over and above normal marital duties." Canakaris v. Canakaris, 382 So.2d 1197, 1200 (Fla. 1980). "A special equity in jointly owned marital property may arise in those instances where the property has been acquired, in whole or in part, with funds unconnected with the marital relationship." Antonini v. Antonini, 473 So.2d 739, 741 (Fla. 1st DCA 1985). The party claiming the special equity must demonstrate "his or her equitable interest, `to the exclusion of a reasonable doubt.'" Id.
Where a party outside of the marriage makes a loan to either the husband or *98 the wife alone, the husband or the wife receiving the loan is entitled to a special equity. Howard v. Howard, 310 So.2d 430 (Fla. 4th DCA 1975). Where a party outside of the marriage makes a loan to the husband and wife jointly, neither party is entitled to a special equity. Id.
In the instant case, wife's mother loaned the couple $30,398.00 to purchase the couple's marital home. By the time of the divorce, the parties had repaid the mother $15,150.00. Thus, $15,248.00 remained unpaid on the loan.
Wife's counter-petition for divorce claimed that during the marriage, she and husband acquired both real and personal property in which she claimed a special equity "[b]y virtue of loan funds obtained from her mother for the purchase of certain property... ." However, at trial, both the wife and the mother testified that the loan was made to both husband and wife. Indeed, wife testified that she and husband called her mother to request a loan to purchase their home. She testified that they were both to be accountable for repayment of the loan. Wife's mother testified that both her daughter and her son-in-law had requested the loan and that the loan was made to both of them.
Although the trial court's final decree of dissolution of marriage did not provide that wife was given a special equity in the real property, the trial court awarded the wife $15,248.00 to be paid out of the proceeds from the sale of the marital home before the proceeds were equally divided. The $15,248.00 amount awarded is the exact amount wife claimed as a special equity for repayment of the mother's loan.
We must remand this cause to the trial court for a determination of whether the $15,248.00 amount was a special equity. If the trial court intended to award a special equity, the trial court erred and the trial court must reconsider its distribution of the property of the parties. Husband and wife should become tenants in common of their jointly held properties. McCready v. McCready, 356 So.2d 337, 339 (Fla. 4th DCA 1978). Wife is not entitled to a special equity in the mother's loan to the couple jointly.
Reversed.
LEHAN and FRANK, JJ., concur.