531 So.2d 981 (1988)
I. Fred FREDEL, Appellant/Cross-Appellee,
v.
Jo Ellen FREDEL, Appellee/Cross-Appellant.
Nos. 87-2078, 87-2094 and 87-2376.
District Court of Appeal of Florida, Third District.
August 9, 1988.
On Motion for Clarification October 18, 1988.
Cooper, Wolfe & Bolotin and Joan M. Bolotin and Marc Cooper, Miami, for appellant/cross-appellee.
Roger A. Bridges, Coral Gables, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
The former husband appeals from that part of the final judgment of dissolution that awards permanent periodic alimony to the former wife. The former wife cross appeals the distribution of property.
The evidence shows that when the parties married in 1967, Mr. Fredel owned securities valued at $57,700. Twenty years later, at the time of the dissolution, the parties stipulated that Mr. Fredel owned stock valued at $1,193,671. At trial, Mr. Fredel argued that his stock holdings were not marital assets because they were either acquired by him prior to the marriage or grew in value as a result of stock splits or dividend reinvestment and that any increase was a result of passive appreciation rather than marital funds or marital effort. After a presentation of evidence at a nonjury trial the court ruled that the stockholdings were not marital assets and therefore not subject to equitable distribution. We disagree.
It is undisputed that the majority of stock owned by Mr. Fredel at the time of the marriage in early 1967 was sold during the parties' first year of marriage and that new stocks were acquired and actively traded. Through this labor of active trading, during the course of the marriage, Mr. Fredel increased the value of the securities from $57,700 in 1967 to $1,193,671 in 1987.
The Fifth District recently addressed this issue in Keller v. Keller, 521 So.2d 273, 276 (Fla. 5th DCA 1988), holding:
Marital assets are those assets acquired by the parties during the marriage which are created or produced by their work efforts, services or earnings. *982 The increased value of assets solely owned by one spouse prior to the marriage should be considered marital assets subject to equitable distribution to the extent their increased value was the result of either or both spouses' work efforts, or the expenditure of marital funds or earnings of the parties.
(Citations omitted.)
Because the increase in the stock value was a result of work effort during the marriage, the trial court erred as a matter of law in finding the enhancement non-marital property, and thus not subject to equitable distribution. See also Crapps v. Crapps, 501 So.2d 661 (Fla. 1st DCA) (where husband devoted time to cultivating timber  time he otherwise would have devoted to domestic or other material pursuits  income from timber was marital asset), rev. denied, 511 So.2d 297 (Fla. 1987).
We find no abuse of discretion in the award of permanent periodic alimony to the former wife. De Cenzo v. De Cenzo, 433 So.2d 1316 (Fla. 3d DCA 1983). The former wife concedes, however, that the judge erred in ordering the alimony payments to continue after the husband's death. O'Malley v. Pan Am. Bank of Orlando, 384 So.2d 1258 (Fla. 1980). Requiring Mr. Fredel to pay a portion of the former wife's attorney's fees was not an abuse of discretion under the circumstances. Hall v. Hall, 363 So.2d 137 (Fla. 2d DCA 1978), cert. denied, 370 So.2d 459 (Fla. 1979).
Affirmed in part; reversed in part and remanded for further consistent proceedings.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We briefly address two points raised in the initial briefs which the wife claims should be clarified in order to avoid misinterpretation on remand. First, we reject the trial court's finding that the wife's pension plan in the amount of $248,000 is the same as the husband's pension plan of $1.4 million when "time adjusted." For the purpose of adjusting the distribution of marital property on remand, both plans should be considered at their present values. Second, the enhancement to stockholdings, which we hold is marital property subject to equitable distribution, applies also to the increase in value of partnership contributions.
In all other respects we adhere to the original opinion.