617 So.2d 327 (1993)
Ray SANDSTROM, Appellant,
v.
Jodi SANDSTROM, Appellee.
No. 91-2569.
District Court of Appeal of Florida, Fourth District.
March 24, 1993.
Rehearing Denied May 25, 1993.
*328 Ray Sandstrom, pro se.
Kayo E. Morgan, Fort Lauderdale, for appellant.
No brief filed for appellee.
POLEN, Judge.
The former husband appeals from a final judgment of dissolution of marriage. Appellee former wife did not file a brief in this appeal. We affirm in part, reverse in part and remand.
The parties married February 20, 1981. The wife left the husband in July, 1987, and the husband petitioned for dissolution on September 19, 1988. There were no children born of this union. At the time of dissolution, the husband was 67 years old and the wife, 43. The husband did not attend the final hearing, although he received proper notice thereof.
Appellant first argues that the trial court erred when it awarded the wife certain stock in the husband's corporation. Appellant claims the pleadings do not even raise that issue and thus, the award must be reversed. See Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981) (a judgment based outside the pleadings cannot stand). The record, however, contradicts appellant's assertion. It shows that on May 5, 1990, the trial court entered an order in which it granted appellee's motion to amend her counterpetition for dissolution of marriage and stated therein that the Second Amended Counter-petition, which appellee attached to her motion, was simultaneously filed. In the Second Amended Counter-petition, appellee alleged that appellant had transferred his share of stock in Sandstrom, Inc., appellant's company, to his live-in girlfriend during the pendency of the dissolution proceedings. Appellee included a prayer to the court to set aside these transfers "and restore the same to their original ownership identity for purposes of making an equitable distribution... ." Thus, we find appellant's argument to be without merit and affirm this award.
Appellant next argues that the trial court erred when it awarded appellee funds from the sale of a building he owned with the two other stockholders of Sandstrom & Hodge, Inc.[1] Appellant contends the award is improper because (1) the building was not a marital asset and its value did not appreciate during the marriage; and (2) appellee had never filed a claim against the corporation and the corporation was never a party to the dissolution proceedings. Appellee only asserted that the corporation and appellant were one and the same. We hold that this allegation, without more, is insufficient to affirm this award. See Ashourian v. Ashourian, 483 So.2d 486 (Fla. 1st DCA 1986); compare Rosenberg v. North American Biologicals, Inc. 413 So.2d 435 (Fla. 3d DCA 1982) (Where wife alleged in her complaint that the corporate defendant had illegally "watered down" her stock ownership in the defendant corporation in favor of the husband, these allegations, if true, entitled the wife to relief against the corporation; the court distinguished this scenario from one in which the wife's counterpetition states no cause of action against the corporation, nor does it seek specific relief against it), and Hoecker v. Hoecker, 426 So.2d 1191 (Fla. 4th DCA 1983) (Where the husband owned all of the stock in the respondent corporation and the evidence showed a complete blending of the personal and corporate property, and where the husband testified that he and the corporation were one and the same, wife was entitled to relief). The *329 building at bar was owned by a corporation that appellant owned with other individuals, which corporation is not a party to this proceeding. Under these circumstances, the trial court lacked the power to transfer this corporate asset. See Keller v. Keller, 521 So.2d 273, 276 (Fla. 5th DCA 1988).[2] Thus, we reverse this award and remand with directions that the funds be returned to the corporation. We recognize that appellee's alimony award was ordered to come from these funds and remand without prejudice to appellee to receive the ordered alimony from an appropriate source.
Finally, we affirm the trial court's award to appellee of attorney's fees and costs. The trial court's findings in this regard are explicit and supported by competent, substantial evidence in the record. We hold that the trial court did not abuse its discretion in making that award. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Appellant's remaining arguments on appeal are without merit and we decline to address them. Accordingly, we reverse the trial court's award to appellee of funds from the sale of the corporate office building and remand for further proceedings consistent with this opinion. The final judgment of dissolution of marriage is affirmed in all other respects.
HERSEY, J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, Judge, concurring.
I concur in the court's disposition. I write only to say that I do not agree with the stated grounds for the reversal as to the funds from the sale of the building. The only basis on which the wife could have been entitled to share in those funds would have been if she had shown an increase in the value of the building during the marriage. Because she conceded at trial that she could not show such an increase in value, it was error for the court to award those funds to her. Any failure to bring the corporate title holder into this action was irrelevant because the asset to be reached was not the building itself but the husband's share in the proceeds from the sale of the asset.
NOTES
[1] Apparently, Sandstrom & Hodge, Inc., a Florida corporation, owned a single asset, the office building where appellant practiced law for more than his last twenty years of practice. The total authorized stock was at first owned by Sandstrom, Inc. and Hodge, Inc., each owning 50%. Subsequently, Hodge, Inc., conveyed its stock to T. Paul Hodge, appellant's former law partner. T. Paul Hodge sold one-half of his stock (or 25% of the authorized stock) to Fred Haddad, another of appellant's law partners. Thus, Hodge and Haddad owned 25% each. Sandstrom, Inc., owned 50% until that stock was conveyed to the third party, as alleged by appellee.
[2] Moreover, it is apparent from the record that appellee offered no evidence that the building's value had increased during the marriage, and appellant testified to the contrary. Ultimately, appellee abandoned the claim, but only after the trial court had ordered the corporate funds from the building's sale to be deposited into an account in appellee's name. "Marital assets are those assets acquired by the parties during the marriage which are created or produced by their work efforts, services or earnings. The increased value of assets solely owned by one spouse prior to the marriage should be considered marital assets subject to equitable distribution to the extent their increased value was the result of either or both spouses' work efforts, or the expenditure of marital funds or earnings of the parties." Fredel v. Fredel, 531 So.2d 981, 981-982 (Fla. 3d DCA 1988).