654 So.2d 199 (1995)
Nancy L. HESS, Appellant/Cross-Appellee,
v.
Ronald M. HESS, Appellee/Cross-Appellant.
No. 94-0435.
District Court of Appeal of Florida, Fourth District.
April 19, 1995.
Karen Steger of Steger & Steger, P.A., Stuart, and Richard B. Kay, Tequesta, for appellant/cross-appellee.
William D. Beamer, Fort Lauderdale, for appellee/cross-appellant.
PER CURIAM.
Appellant seeks review of the marital asset distribution aspects of the final judgment of dissolution of marriage rendered below. We find two errors and reverse for recalculation of the equitable distribution value of the former marital home.
First, the lower court erred in attributing a special equity to the husband for his "many hours of personal labor for the construction of the marital home in lieu of putting personal finances into the construction." See, e.g., Strickland v. Strickland, 494 So.2d 514 (Fla. 4th DCA 1986). This error is apparent on the face of the final judgment. There is no basis to gainsay the lower court's finding that a special equity would be appropriate for the "barter of labor and equipment" in exchange for previous work husband had done for a third party. Unlike the "personal labor" aspect of special equity identified by the lower court, this "barter" special equity, to the extent it was for services performed prior to the marriage, should be capable of mathematical calculation. We cannot tell whether the value of the special equity was proved by husband because the record contains no transcript. See § 61.075(5)(a)5, Fla. Stat. (1993). We remand to the lower court to recalculate the amount of special equity based on evidence presented *200 on the value of the barter of premarital services.
We also agree that the lower court incorrectly applied the Landay[1] formula in calculating the amount necessary for the husband to buy out the wife's interest. Her interest should be determined by calculating her share of the fair market value of the home before reducing the share by half the amount of the mortgage. See Griffiths v. Griffiths, 563 So.2d 773 (Fla. 3d DCA 1990); Donaldson v. Donaldson, 481 So.2d 101, 102 (Fla. 2d DCA 1986).[2] In all other respects, the final judgment is affirmed.
Affirmed in part; reversed in part and remanded.
GLICKSTEIN and SHAHOOD, JJ., and GRIFFIN, JACQUELINE, Associate Judge, concur.
NOTES
[1] Landay v. Landay, 429 So.2d 1197 (Fla. 1983).
[2] Although not submitted as supplemental authority, we are aware of the case of Romano v. Romano, 632 So.2d 207 (Fla. 4th DCA 1994), but note that in Romano the parties had stipulated that the husband would receive a percentage of net proceeds calculated after payment of the mortgage and the court merely enforced the stipulation. We also note that the Griffiths court "rejected" the approach taken by this court in Neustein v. Neustein, 503 So.2d 439 (Fla. 4th DCA 1987), but it is not clear that Neustein needed rejecting, at least on the issue that concerns us here.