SHAHOOD, Judge.
This is the second appeal in this dissolution action. In the first appeal, we held that it was error for the trial court to allow the former husband a special equity in the marital home based on his personal labor during the construction of the home. See Hess v. Hess, 654 So.2d 199 (Fla. 4th DCA 1995)(citing Strickland v. Strickland, 494 So.2d 514 (Fla. 4th DCA 1986)). On remand, the trial court was directed to recalculate the former *1045 husband’s special equity taking into consideration only the value of the barter of labor and equipment prior to the marriage. Hess. In addition, we held that the court had incorrectly applied the Landay[1] formula in calculating the amount necessary for the former husband to buy out the former wife’s interest in the marital home, and directed a recalculation of that aspect of the equitable distribution award as well. Hess.
The former wife now appeals the trial court’s order on remand, raising several issues, and the former husband cross appeals. We hold that the trial court erred in recalculating the former husband’s special equity in the marital home, and reverse on that issue only. We affirm in all other respects.
On remand, the trial court erroneously considered the former husband’s personal labor in recalculating his special equity in the marital home. In addition, although the court had previously determined that the former husband was entitled to a special equity based on the barter agreement prior to the marriage, the court reached the opposite conclusion on remand. This, too, was error since the mandate did not direct the trial court to reconsider that finding.
We therefore reverse the order on remand, and direct the trial court to recalculate only the former husband’s special equity in the marital home. In doing so, the trial court shall not consider the former husband’s personal labor in constructing the marital home. The only consideration shall be the value of the barter agreement prior to the marriage, which the trial court had originally found resulted in a special equity to the former husband.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
DELL and TAYLOR, JJ., concur.

. Landay v. Landay, 429 So.2d 1197 (Fla.1983).