937 So.2d 775 (2006)
Edward A. WHALEN, Jr., Appellant,
v.
Jeanne Semet WHALEN, Appellee.
No. 4D05-3936.
District Court of Appeal of Florida, Fourth District.
September 13, 2006.
Troy W. Klein of Troy W. Klein, P.A., West Palm Beach, for appellant.
No appearance for appellee.
STONE, J.
We reverse this judgment of dissolution and remand for re-calculation of the husband's special equity in the parties' home.
*776 The trial court, in applying the Landay[1] formula, correctly arrived at the number representing the husband's special equity 24.35%. The husband contributed a $76,000.00 down payment against the $156,000.00 acquisition cost of the property. Its fair market value at the time of dissolution was $400,000.00. The total of the first and second mortgages secured by the property is $99,000.00.
Landay mandates the formula to be used where non-marital assets are used by a spouse as a portion of the consideration for the entireties' property. "[I]n addition to that spouse's automatic one-half share, the contributing spouse acquires a special equity in the property equal to one-half the ratio which that spouse's contribution bears to the entire consideration." Landay, 429 So.2d at 1200. In other words, the starting place is a fifty/fifty split or automatic half interest. The formula is then used to "carve out from the other spouse's interest in the property his or her special equity." Id. In algebraic terms, the special equity formula is:
 (.5)(76,000/156,000) = 24.35%
 (half)(down payment divided by purchase
 price)
The trial judge calculated this figure correctly. Here, in order to arrive at the husband's entire interest, 24.35% is added to 50% (his automatic half), giving him 74.35% of the home's value. This allows the husband to "reap the fruits" of his original capital investment, while allowing the wife to share in the balance of the home's increased equity. Id. at 1199. Landay instructs on the calculation of the interest, but goes "no further in explaining the logistics of distributing sale proceeds" or figuring the appropriate credits. Romano v. Romano, 632 So.2d 207, 212 (Fla. 4th DCA 1994).
In Hess v. Hess, 654 So.2d 199, 200 (Fla. 4th DCA 1995), our court expressly stated that correct determination of a party's interest under the Landay formula required application to the fair market value of the property before reducing the share by half the amount of the mortgage.
In Griffiths v. Griffiths, 563 So.2d 773 (Fla. 3d DCA 1990), the Third District clearly applied the contributing spouse's total interest to the gross value, then subtracted half of the mortgage amount to arrive at the value of each parties' interest. Id. at 775. Donaldson v. Donaldson, 481 So.2d 101 (Fla. 2d DCA 1986), also clearly espouses this position. "[W]e believe that the formula must be applied to the total proceeds of sale, or total value of the property, rather than the excess proceeds." Id. at 102.
Here, the trial court calculated the proper percentage but erroneously applied it against half of the net equity in the property, after satisfaction of the two mortgages, rather than applying it as a percentage of the whole. Further, as indicated, the accepted procedure is to apply this against the market value, not the net proceeds.
The husband's special equity equals $97,400.00 ($400,000.00 fair market value × 24.35%), and his total interest in the property equals $297,400.00 (half of the property + special equity). The wife's interest in the property is $102,600.00. The outstanding mortgages are then subtracted from these numbers to determine the parties' individual net interests. The first mortgage is $80,000; $40,000.00 is apportioned to each. The husband has been assigned the entire second mortgage in the amount of $19,000.00. So, the husband will ultimately net $238,400.00 and the wife will net $62,600.00.
*777 Elsewhere in the judgment, the trial court discusses a $19,000.00 second mortgage on the home obtained by the parties, the proceeds of which were used by the husband individually after separation. However, in the balance sheet figuring the amount due to each party, the trial court lists the amount of this same second mortgage as $20,000.00. Our record is insufficient to establish which amount is correct. This is apparently a scrivener's error which should be corrected on remand.
Accordingly, we reverse the judgment and remand for modification.
STEVENSON, C.J. and POLEN, J., concur.
NOTES
[1] Landay v. Landay, 429 So.2d 1197, 1199 (Fla.1983).