PER CURIAM.
This is an appeal by former wife and cross-appeal by former husband from a final judgment in a dissolution of marriage proceeding. The former wife contends that the trial court erred in finding that the former husband had a special equity in the marital home and the former husband contends that the trial court erred in the application of the Landay formula to determine the parties’ shares of the marital home.[1] We agree that the trial court did not err in awarding the former husband a special equity in the parties’ marital home; however, we reverse and remand for recalculation of the parties’ individual net interests in the home in light of the mortgage encumbering the property-
The trial court used the formula in Lan-day as the method to calculate the special equity that the former husband had in the marital home. Under the facts and circumstances of this case, we recognize the Landay formula as an acceptable method of calculating the special equity herein.
Landay applies where one spouse uses non-marital assets as a portion of consideration for the property. “In addition to that spouse’s automatic one-half share, the contributing spouse acquires a special equity in the property equal to one-half the ratio which that spouse’s contribution bears to the entire consideration.” Landay, 429 So.2d at 1200. “In other words, the starting place is a fifty/fifty split or automatic half interest. The formula is then used to ‘carve out from the other spouse’s interest in the property his or her special equity.’ ” Whalen v. Whalen, 937 So.2d 775, 776 (Fla. 4th DCA 2006) (quoting Landay, 429 So.2d at 1200). In algebraic terms, the Landay special equity formula is:
(.5) (down payment/purchase price) = special equity percentage
Applying the Landay formula to this case, the former husband’s special equity percentage is
(.5) ($225,000/$325,000) = 34.6% (half)(down payment divided by purchase price)
To arrive at the former husband’s entire interest in the property, 34.6% is added to 50% (his automatic half), giving him 84.6% of the marital home’s value. Therefore, the former wife is entitled to 15.4% interest in the home. We find that the trial judge correctly calculated these figures. “This allows the husband to ‘reap the fruits’ of his original capital investment, while allowing the wife to share in the balance of the home’s increased equity.” Whalen, 937 So.2d at 776 (quoting Landay, 429 So.2d at 1199).
However, while the trial court correctly calculated the percentage interests in the home, it did not explain how or when to satisfy the mortgage encumbering the property. The trial court appears to have given the former husband two options:
*1120 Within 45 days of the entry of this Final Judgment the husband may purchase the wife’s share of the marital home for $59,136.00 ($384,000.00 x 0.154 = $59,136.00). If the husband does not purchase the wife’s share of the property within this 45-day period, the parties shall immediately list the property with a sale price of $384,000.00 or at such other price as the parties may agree. The property shall be listed for a period of at least 6 months. Upon the sale of the property the husband shall be entitled to 84.6% of the net proceeds and the wife shall be entitled to 15.4% of the net proceeds. The husband shall be entitled to exclusive use and possession of the home.
As we previously noted in Romano v. Romano, 632 So.2d 207, 212 (Fla. 4th DCA 1994), Landay instructs on the calculation of the interest in the home; however, it goes “no further in explaining the logistics of distributing sale proceeds.” In Hess v. Hess, 654 So.2d 199, 200 (Fla. 4th DCA 1995), we expressly stated that the “correct determination of a party’s interest under the Landay formula required application to the fair market value of the property before reducing the share by half the amount of the mortgage.” Whalen, 937 So.2d at 776. In Whalen, we determined that the trial court must first apply the proper percentage to the fair market value of the property before reducing the share by half the amount of the mortgage. Id. Under the formula this court used in Whalen, the former wife’s share of the marital home’s proceeds is $9,636 with satisfaction of a $99,000[2] mortgage and is calculated as follows:
[($384,000 x 0.154 = $59,136) - ($99,-000 x .5 = $49,500) ] = $9,636
[ (fair market value of home)(former wife’s % interest) - (half of the mortgage) ]
Using this same formula, the former husband’s share of the marital home’s proceeds is calculated as follows:
[($384,000 x .846 = $324,864) - ($99,-000 x .5 = $49,500) ] = $275,364
[ (fair market value of home)(former husband’s % interest) - (half of the mortgage) ].
The $275,364 represents the former husband’s one-half equity share in the property (automatic share) plus his special equity, less one-half of the remaining principal of a $99,000 mortgage encumbering the property. Together with the wife’s share this equals the equity in the property, assuming a $384,000 value and a $99,000 mortgage.
Under Whalen, the former husband pays the former wife $9,636 whether the house is sold or retained by the former husband. However, if the former husband decides to keep the property, the former husband is required to assume the balance of the mortgage. As the former husband points out, “[i]n either case, the [former] wife leaves free and unencumbered by the mortgage.”
Accordingly, we reverse and remand for recalculation and entry of an amended final judgment of dissolution.

Reversed and Remanded.

WARNER, HAZOURI, JJ., and CHUMBLEY, DOUGLAS J., Associate Judge, concur.

. Landay v. Landay, 429 So.2d 1197 (Fla.1983).

. The balance of the mortgage encumbering the parties' property is currently $99,000. If this figure has changed, the formula below is to be adjusted accordingly.