565 So.2d 914 (1990)
Ray SANDSTROM, Appellant,
v.
Jodi SANDSTROM, Appellee.
No. 89-3207.
District Court of Appeal of Florida, Fourth District.
August 29, 1990.
Ray Sandstrom, Fort Lauderdale, for appellant.
Ana I. Gardiner of Patterson, Maloney & Gardiner, Fort Lauderdale, for appellee.
PER CURIAM.
The husband appeals the trial court's issuance of a temporary injunction which restrained him from selling or disposing of marital assets.
We note that Section 61.11, Florida Statutes (1989) reads in relevant part:
When either party is about to remove himself or his property out of the state, or fraudulently convey or conceal it, the court may award a ne exeat or injunction against him or his property and make such orders as will secure alimony to the party who should receive it.
Although this section is entitled, "Effect of judgment of alimony," we hold that this section applies whether a spouse is attempting to dissipate marital assets before or after the final dissolution judgment. If the other spouse removes, conceals or fraudulently conveys marital assets before the entry of the final judgment, alimony will not be secured to the "party who should receive it." See 26 Fla.Jur.2d Family Law § 608 and § 609 (1981). Section 61.11 is the wife's authority to seek to enjoin the husband's removal, concealment or fraudulent conveyance of his assets which may be part of her alimony award in the plan of equitable distribution.
Rule 1.610(c), Florida Rules of Civil Procedure reads in part:
Every injunction shall specify the reasons for entry,... .
The wife's Emergency Motion for Restraining Order states, in part:
6. The Husband is an attorney licensed to practice law in the State of Florida and well knows that once a Petition for Dissolution of Marriage is filed, all marital assets are under the jurisdiction of *915 the Court to be distributed upon a final hearing and that neither party shall frustrate the Court's ability to accomplish an equitable distribution by selling, transferring and/or hiding marital assets during the pendency of these proceedings.
7. By giving his girlfriend, Debra Jo Hocherl, an interest in the marital residence, an interest in the ranch in Wyoming and an interest [sic] the office building on South Andrews Avenue and by selling the marital residence and maybe the ranch in Wyoming, the Husband has in fact committed fraud upon the Court by transferring and/or selling assets which are under the Court's jurisdiction for purposes of an equitable distribution.
The Temporary Restraining Order states that, "The Wife is in imminent fear of irreparable harm if the Husband is not estopped or restrained, from selling, transferring, conveying, and/or dissipating any further assets." Our combined reading of the motion and the order leads us to conclude that the order satisfies the requirements of Rule 1.610(c). Simply put, the wife seeks to avoid irreparable harm to her right to have a Florida court equitably distribute the parties' marital assets.
Accordingly, we affirm the trial court's Temporary Restraining Order and remand for further proceedings. However, our opinion is issued without prejudice to the husband to seek a hearing to determine which of his assets need to be subject to the injunction or to provide other means to secure the wife's potential alimony award.
AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.
WALDEN, POLEN and GARRETT, JJ., concur.