578 So.2d 323 (1991)
Samuel HOLMES, Sr., Appellant,
v.
Alberta HOLMES, Appellee.
Nos. 89-2467, 89-3158, 90-0532.
District Court of Appeal of Florida, Fourth District.
March 27, 1991.
Rehearing Denied May 13, 1991.
*324 Charles C. Chillingworth and Paul F. King of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Susan J. O'Hara, Palm Beach and Barbara J. Compiani, Jane Kreusler-Walsh, of Klein & Walsh, P.A., West Palm Beach, for appellee.
PER CURIAM.
In this dissolution proceeding the husband appeals from the calculations in the final judgment relating to his special equities in his separately owned premarital property, now enhanced by joint effort, and as to equitable distribution of the marital assets. Additionally, the husband appeals from a post-dissolution money judgment for $100,000,00 which was ordered in the dissolution judgment to be paid as lump sum alimony "as a means of achieving" equitable distribution after the court sorted out the parties' respective interests in separate and marital properties.[1]
To begin with, there is no transcript of any of the proceedings below, nor is there a stipulated or reconstructed record within the purview of Fla.R.App.P. 9.200(a)(3) or 9.200(f), sufficient beyond the four corners of the judgments to support a reversal thereof. Nevertheless, we are at liberty to reverse a judgment if it is fundamentally erroneous on its face. Ahmed v. Travelers Indemnity Co., 516 So.2d 40 (Fla. 3d DCA 1987). Here we think the dissolution judgment is facially erroneous and, because it is inextricably dependent on that judgment, so is the separate judgment for $100,000.00.
The dissolution judgment thoroughly and with specificity sets forth findings of fact as to the various values of both separately owned and marital real properties, and similarly sets forth findings of special equities in these properties, resulting in a net of assets which the court determined to be amenable to equitable distribution. After tabulation of what each of the parties was awarded in these computations, the court then awarded the $100,000.00 lump sum alimony award ostensibly to even things up, which, as noted, was reduced later to the separate money judgment.
It is patent, however, that in his calculations the court credited the husband's special equities in his separate, premarital owned property  now substantially *325 enhanced in value through joint efforts  only with the actual initial moneys invested without regard to the then ratio of such invested moneys to the actual value at purchase. In other words, the court applied the so-called "lien theory" pursuant to which only the amount of value of the original contribution was credited or returned to the husband as though it were a lien on the property.
This theory was rejected in Landay v. Landay, 429 So.2d 1197 (Fla. 1983) with respect to entireties property, and in Gregg v. Gregg, 474 So.2d 262 (Fla. 3d DCA 1985) with respect to separately owned property, which treated the special equities involved as a capital contribution whereby the contributing spouse obtains a percentage of the value of the acquired property equal to the ratio that the original contribution was to the original total acquisition cost, i.e., a "percentage ratio" theory. This is the theory which the trial court should have followed. Had he done so, of course, the numbers involved in equitable distribution would have been different and, necessarily, the "means of achieving" it would also have been different.
The judgment of dissolution and the dependant $100,000.00 judgment should therefore be reversed and the cause remanded for recalculation of all special equity awards in accordance with the "percentage ratio" theory as set forth above.
One final point. In a post judgment proceeding filed pursuant to Fla.R.Civ.P. 1.540, the husband sought relief from the dissolution judgment alleging that new appraisals on one of the properties showed that it was actually worth much less than the court found. This, notwithstanding that the husband originally had stipulated to its value.[2] Apparently the husband is asserting "newly discovered evidence", but this smacks more of forgotten evidence newly remembered. The trial court was correct in rejecting it.
We mention this here because we think both parties had their day on property evaluations, and the court's findings with respect thereto are final. Accordingly, upon remand the trial court need not retry the entire issue of property values. We remand only for recalculation of the special equities awarded based on the "percentage ratio" theory, with the present property values as the trial court so found them being affirmed as final.
REVERSED AND REMANDED.
GUNTHER, GARRETT JJ., and McNULTY, JOSEPH P., Senior Judge, concur.
NOTES
[1] Enforcement of this award by contempt proceedings was sought by the wife. The trial court determined that although the award was characterized as "lump sum alimony", it was not really intended to be support and therefore not enforceable by contempt. The separate money judgment was therefore entered.
[2] This was unrefuted at oral argument.