586 So.2d 460 (1991)
William T. STEFANOWITZ, Appellant,
v.
Audrey J. STEFANOWITZ, Appellee.
No. 90-03185.
District Court of Appeal of Florida, First District.
September 23, 1991.
*461 Michael J. Korn of Christian, Prom, Korn & Zehmer, P.A., Jacksonville, for appellant.
Rudy Hernandez of Rudy Hernandez, P.A., Jacksonville, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a dissolution of marriage and equitable distribution of marital assets. Appellant contends that the trial court erred in: (1) determining that the marital residence was a marital asset; (2) awarding a disproportionate share of marital assets to appellee; (3) determining that appellee was entitled to permanent alimony; (4) requiring the parties to bear the cost of private education for the minor child; (5) extending appellee's exclusive use and possession of the marital residence beyond the minority of the child; (6) freezing appellant's ability to draw on the home line of equity; and (7) requiring appellant to pay attorney fees.
The parties were married on August 28, 1971, and separated in February 1989. One child was born of the marriage. At the time of the dissolution, Mr. Stefanowitz was the comptroller of a real estate development company and received an annual income of $35,500. Mrs. Stefanowitz was employed as a jewelry company sales representative with an annual income of $17,600.
On August 10, 1990, the trial court dissolved the marriage and ordered Mr. Stefanowitz to pay $400 per month in child support, $300 per month in permanent alimony, and one-half of the cost of private education. Mrs. Stefanowitz was awarded exclusive use and possession of the marital home until the minor child reached age 20. Mr. Stefanowitz was awarded a $7,900 special equity in the home and was required to pay $3,000 toward Mrs. Stefanowitz' attorney fees.

I. MARITAL RESIDENCE
Prior to the marriage, Mr. Stefanowitz used his premarital funds to make a down payment on the marital residence[1] and took title in his name alone. Mrs. Stefanowitz contributed no funds towards the purchase of the home. Although she testified that they intended to add her name to the deed, this was never done, and the evidence does not establish a gift of the home. The home has an estimated present value of $85,000, with the increase in value due entirely to passive market forces.[2]
The evidence does not support the trial court's calculation of the special equity in the amount of $7,900. It is uncontroverted that Mr. Stefanowitz contributed $8,400 in premarital funds toward the purchase of the marital home and that such contribution was not intended as a gift. Accordingly, Mr. Stefanowitz is entitled to calculation of the special equity utilizing this amount. In calculating the amount of the special equity, Mr. Stefanowitz is entitled to "receive the related appreciation thereon and not merely a return of the original special equity." Griffiths v. Griffiths, *462 563 So.2d 773, 775 (Fla. 3d DCA 1990). However, the $20,600 mortgage was paid from wages earned during the marriage and must be deemed a marital asset subject to equitable distribution. Jernigan v. Jernigan, 579 So.2d 858 (Fla. 1st DCA 1991). Therefore, the order must be remanded for recalculation of the special equity and equitable distribution awards.[3]

II. MARITAL ASSETS
Mr. Stefanowitz received several shares of Boeing stock as a gift prior to the marriage. The increase in the number of shares was attributed entirely to stock splits and stock dividends. Mrs. Stefanowitz did not contribute in any way to the increase in value or shares. Therefore, the stock is a nonmarital asset and may not be considered in the determination of the equitable distribution. Horton v. Horton, 433 So.2d 1386 (Fla. 5th DCA 1983).
Second, the Kemper IRA was financed entirely with premarital assets. No marital funds were added to the account at any time. Mrs. Stefanowitz did not contribute in any way toward the increase in value of the account. This asset, therefore, should not be considered a marital asset subject to equitable distribution. Reyher v. Reyher, 495 So.2d 797 (Fla. 2d DCA 1986); Griffiths, supra.
Finally, appellant has failed to demonstrate that the trial court abused its discretion with regard to certain contested furniture and bank accounts. Therefore, this portion of the order is affirmed.

III. PERMANENT ALIMONY
The trial court found that Mrs. Stefanowitz is 45 years old and has a high school education. She is presently employed by Jewels by Park Lane, Inc., and has an income of $17,600, of which approximately $3,500 is in bonuses and prizes. The financial affidavits reveal that Mrs. Stefanowitz has a proven total monthly need in excess of her ability to earn.[4] However, Mr. Stefanowitz does not presently have the ability to pay the $300 monthly permanent alimony in addition to the $400 monthly child support payments, and other obligations such as payment for his share of private schooling expenses.
Therefore, we reverse and remand the award for entry of an order reducing the permanent periodic alimony to $100 per month. The trial court should reserve jurisdiction to modify the award upon a material change in circumstances.

IV. EDUCATION OF MINOR CHILD
The parties' 15-year-old son, J.S., attended private school from grades one through five. During the sixth grade, J.S. was transferred to public school. J.S. began showing disruptive tendencies, failed the seventh grade, and was subsequently hospitalized for depression. At present, J.S. is attending private school in Jacksonville, Florida.
Mrs. Stefanowitz testified that J.S.'s schoolwork improved after the transfer from public to private school. She has *463 seen a complete turnaround in his attitude and feels that private school is a necessity because of the need for stability in J.S.'s life.
The test for determining whether private educational expenses should be awarded as part of child support payments is whether: (1) the parties have the ability to pay; (2) such expenses are in accordance with the customary standard of living; and (3) it is in the child's best interest. Wilson v. Wilson, 559 So.2d 698 (Fla. 1st DCA 1990).
Substantial evidence supports a finding that private education is required under the special circumstances of this case. In weighing the parties' financial positions against their customary practice of private education and the special needs of this child, we find no abuse of discretion in the trial court's order requiring the parties to pay for private education.

V. POSSESSION OF MARITAL HOME
Appellant has failed to demonstrate that the trial court abused its discretion in determining that the wife should be awarded exclusive possession of the marital home. Duncan v. Duncan, 379 So.2d 949 (Fla. 1980). Therefore, we affirm the award of exclusive possession of the marital home.

VI. HOME EQUITY LINE OF CREDIT
The trial court's order prohibits Mr. Stefanowitz from incurring any further indebtedness under the home equity line of credit. Section 61.08(3), Florida Statutes (1989), provides that the trial court may secure an alimony award with any assets which may be suitable for that purpose. In freezing access to the line of credit, the court is ensuring that the alimony award of exclusive use and possession is secure from the possibility of foreclosure on the marital residence. Cases supporting the trial court's decision are Lamar v. Lamar, 323 So.2d 43 (Fla. 4th DCA 1975) (security may be had for future obligations); and Sandstrom v. Sandstrom, 565 So.2d 914 (Fla. 4th DCA 1990) (court may issue injunction to prevent dissipation of marital assets either before or after final dissolution). Appellant's ability to encumber the property would defeat the interest Mrs. Stefanowitz possesses in the residence and hinder the purpose of the equitable distribution. Therefore, we affirm the order freezing access to the home equity line of credit.

VII. ATTORNEY FEES
We must reverse the award of attorney fees due to the lack of findings and remand for consideration of the principles enunciated in Florida Patients Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), and Hoffay v. Hoffay, 555 So.2d 1309 (Fla. 1st DCA 1990). Changes and recalculation of the distribution consistent herewith may effect the amount of the fee award.
Accordingly, we affirm in part and reverse and remand for proceedings consistent herewith.
JOANOS, C.J., and ALLEN, J., concur.
NOTES
[1] Mr. Stefanowitz placed a $500 binder and a $7,900 down payment on the home. A mortgage in the amount of $20,600 was incurred and paid during the marriage.
[2] Although there was a conflict in the evidence, the trial court determined the value of the marital residence to be $85,000. This finding is not challenged on appeal.
[3] Because the marital residence was titled in Mr. Stefanowitz' name alone, the formula for computing the value of the special equity is found in Gregg v. Gregg, 474 So.2d 262 (Fla. 3d DCA 1985). The special equity should be computed as follows:
 appellant's separate contribution = $ 8,400 = 28.97%
 acquisition cost 29,000
 (28.97%) X $85,000 = $24,624 = value of the special equity

The value of the residence subject to equitable distribution is computed as follows:
 value of residence - value of special equity = value of
 residence subject to distribution
 $85,000 - $24,624 = $60,376 = value of residence subject
 to equitable distribution

[4] Mrs. Stefanowitz' financial affidavit erroneously includes an expense for the payment of a lien on the home. Mr. Stefanowitz has been ordered to make the payment on this lien.