PER CURIAM.
The former husband appeals three post-dissolution final orders. We reverse.
The issues of the instant appeal, while presented separately, are interrelated with those of the appeal of the parties’ dissolution of marriage, wherein this court reversed the trial court’s calculation of the husband’s special equities in separate, premarital owned property which had been enhanced substantially in value through joint efforts. Holmes v. Holmes, 578 So.2d 323 (Fla. 4th DCA 1991). We remanded to the trial court for its recalculation of the special equities based on the “percentage ratio” theory using the property values the trial court had determined previously. Id. at 325.
While reversal in the main case compels reversal of the trial court’s orders now being appealed, the wife, on remand, is still entitled to a credit of one-half of the amount of the “Order Regarding American Savings Loan Obligation.”
Appellee claimed attorney’s fees expended in her attempts to execute on a judgment we now reverse. Therefore, we reverse also the “Fees Judgment.” In addition, appellant contends, and we agree, that the “Fees Judgment” must be reversed for an additional reason, the absence of findings. See Manuel v. Manuel, 498 So.2d 1369 (Fla. 1st DCA 1986).
Accordingly, we reverse and remand with direction to proceed in accordance herewith.
GLICKSTEIN, C.J., and DELL and POLEN, JJ., concur.