590 So.2d 1093 (1991)
John R. WOODRUM, Appellant,
v.
Margaret Boydston WOODRUM, Appellee.
No. 91-1848.
District Court of Appeal of Florida, Third District.
December 24, 1991.
George W. Wright, Jr., Miami, for appellant.
Buchbinder & Elegant, P.A., and Ira Elegant, Donlevy-Rosen & Rosen, P.A., Miami, for appellee.
Before FERGUSON, JORGENSON and LEVY, JJ.
PER CURIAM.
John R. Woodrum [the husband] appeals from a nonfinal order adopting the findings of a general master in an action for dissolution of marriage. For the following reasons, we affirm in part but remand for reconsideration.
Following an eleven-year marriage, Margaret Woodrum [the wife] filed a dissolution action. In her petition, she sought a special equity in certain property owned by her husband. The husband derives his entire livelihood from his investments. Recently, the husband has had to resort to selling his assets in order to meet expenses.
Following an evidentiary hearing, the general master assigned to hear the cause recommended that during the pendency of the proceedings the husband be enjoined from selling, transferring, assigning, mortgaging, hypothecating, encumbering, or disposing of any assets in his possession or control without the prior consent of the wife. If the wife refused consent, the husband was to apply for a court order allowing him to take such action. Over the *1094 husband's exceptions to the report, the trial court adopted the general master's report.
The injunction imposed by the trial court was overbroad. The injunction effectively sequestered all of the husband's assets and unreasonably restricted his means of making a living. Although the trial court correctly exercised its discretion in fashioning equitable relief to prevent dissipation of what may prove to be marital assets, we remand for reconsideration of the extent of the injunction. Cf. Sandstrom v. Sandstrom, 565 So.2d 914, 915 (Fla. 4th DCA 1990) (temporary restraining order proper as attempt to avoid irreparable harm to wife's right to have court equitably distribute marital assets; affirmance of injunction "without prejudice to the husband to seek a hearing to determine which of his assets need to be subject to the injunction or to provide other means to secure the wife's potential alimony award").
Affirmed in part; remanded for reconsideration.