602 So.2d 615 (1992)
Laura Jean GOODING, Appellant,
v.
Thomas Earle GOODING, Appellee.
No. 92-0222.
District Court of Appeal of Florida, Fourth District.
July 1, 1992.
Rehearing Denied September 4, 1992.
Andrew S. Berman and Barry S. Franklin of Young, Franklin & Berman, P.A., North Miami Beach, for appellant.
G. Michael Keenan of G. Michael Keenan, P.A., West Palm Beach, for appellee.
HERSEY, Judge.
In a dissolution of marriage action appellant Laura Jean Gooding appeals from an order denying her application for a temporary injunction. We reverse.
Appellant owns a majority interest in the Thomas E. Gooding Demolition Corporation, the family business and the parties' only major asset. There is evidence that appellant invested at least $4,500 in the corporation and that her parents invested approximately $22,000. There is also evidence that appellant has been wrongfully excluded from participating in the affairs of the corporation and that appellee Thomas Earle Gooding has been utilizing corporate funds for his own use. The precise status of the corporate stock has not yet been determined by the lower tribunal, nor *616 has the extent of appellant's special equity been established.
Appellate review of an order issued upon an application for an injunction seeks ultimately to determine whether the trial court has abused its discretion in granting or denying the request. E.g., M.G.K. Partners v. Cavallo, 515 So.2d 368, 369 (Fla. 4th DCA 1987) (a trial court's ruling on a motion for a temporary injunction will be reversed only upon a showing of a clear abuse of discretion or a clearly improper ruling); South Fla. Limousines, Inc. v. Broward County Aviation Dep't, 512 So.2d 1059, 1062 (Fla. 4th DCA 1987) (same).
A temporary injunction is an extraordinary remedy which should be granted sparingly. Islandia Condo. Ass'n v. Vermut, 438 So.2d 89 (Fla. 4th DCA 1983); Playpen S., Inc. v. City of Oakland Park, 396 So.2d 830 (Fla. 4th DCA 1981). To be entitled to the issuance of a temporary injunction, the movant must show: (1) she will suffer irreparable harm unless the status quo is maintained; (2) she has no adequate remedy at law; (3) she has a clear legal right to the relief requested; and, (4) the temporary injunction will serve the public interest. South Fla. Limousines, 512 So.2d at 1061; Playpen S., 396 So.2d at 830-31.
Injunctions in marital dissolution cases are specifically provided for by statute. In pertinent part, section 61.11, Florida Statutes (1991), provides:
When either party is about to remove himself or his property out of the state, or fraudulently convey or conceal it, the court may award a ne exeat or injunction against him or his property and make such orders as will secure alimony to the party who should receive it.
Examples abound of the use of injunctions to prevent the dissipation of property which is or may later be determined to be marital property. See, e.g., Woodrum v. Woodrum, 590 So.2d 1093, 1094 (Fla. 3d DCA 1991); Stefanowitz v. Stefanowitz, 586 So.2d 460, 463 (Fla. 1st DCA 1991); Sandstrom v. Sandstrom, 565 So.2d 914 (Fla. 4th DCA 1990); Rouse v. Rouse, 313 So.2d 458, 460 (Fla. 3d DCA 1975).
In the instant case, appellant asserts that she has been irreparably harmed by appellee's previous improper transfers of their company's funds to his own personal account, and she argues that she will be further harmed unless an injunction is issued. Appellant testified that she reviewed some of the corporation's financial records, and she found approximately $22,800 worth of checks that appellee already has written to himself. Those funds were not put into the parties' joint personal account, nor does appellant know what happened to that money.
Under the circumstances present in this case, we hold that it was an abuse of discretion not to grant a temporary injunction to maintain the status quo pending a determination by the court as to the extent of the entitlement of appellant to a share of the corporate and miscellaneous assets of the parties. Therefore, we reverse.
REVERSED AND REMANDED.
LETTS and GUNTHER, JJ., concur.