613 So.2d 1365 (1993)
In re the ESTATE OF Doris Stokes BRANDT, Deceased.
No. 91-3781.
District Court of Appeal of Florida, First District.
February 17, 1993.
Scott W. Smiley of Webster & Smiley, P.A., Crawfordville, for appellant Cutler Godfrey.
Darla Jean Christopher of Brown and Christopher, Starke, for appellees Peter Stokes Godfrey and Consuelo Godfrey Dodge.
WEBSTER, Judge.
Appellant seeks review of an order entered in a probate proceeding, which struck with prejudice his "Verified Petition to Revoke a Fraudulent Administration" because he failed to appear for his deposition as ordered. Appellant argues that the trial court abused its discretion when it struck his petition with prejudice. We agree and, accordingly, reverse.
On May 30, 1991, appellee Peter Stokes Godfrey, the son of the decedent, filed a petition for administration of the estate of his late mother (who had died about a month earlier), and a will dated April 5, 1990. The petition for administration represented (consistently with the will) that Godfrey and his sister, Consuelo G. Dodge, were the only beneficiaries. On May 31, 1991, the will was admitted to probate; Godfrey was appointed personal representative; and letters of administration were issued.
On July 1, 1991, appellant, in proper person, filed his "Verified Petition to Revoke a *1366 Fraudulent Administration." That petition alleged that the decedent and appellant had been married for twenty-seven years, and that Godfrey and Dodge (appellees) were the children of the decedent and appellant. It alleged, further, that the decedent had executed a new will after the will which had been filed, in which she had designated appellant as a beneficiary of one-third of her estate. Finally, the petition alleged that appellees were, "jointly and/or severally, concealing the decedent's true last will ... for their own benefit and personal gain."
On July 24, 1991, appellees filed a motion to strike portions of appellant's petition, and an answer to the remaining portions. The answer denied all of the material allegations of the petition. It also alleged as an affirmative defense that the will filed was the only will of the decedent, and that no other will existed. At about the same time, appellees served on appellant, who lived in Massachusetts, a notice that his deposition would be taken in Gainesville, Florida, on August 27, 1991.
Appellant responded on August 15, 1991, with a motion for a protective order, in which he argued that it was oppressive to require him to travel to Florida for his deposition on August 27, and then to return again for a scheduled hearing on September 6. At the same time, appellant filed a motion for appointment of counsel to represent him, alleging that he was 83-years old, in poor health and without adequate funds to retain counsel.
Presumably in response to appellant's motion for a protective order, on or about August 26, appellees served appellant with an amended notice setting appellant's deposition for the afternoon of September 6, in Gainesville. Appellant responded with another motion for a protective order. In that motion, appellant alleged that he was without counsel; that his motion for appointment of counsel had been set for hearing on September 6; and that it would be unfair to require him to submit to a deposition without the assistance of counsel.
On September 24, 1991, the trial court entered an order on motions heard at the September 6 hearing. That order states that appellant's "motion for court appointed counsel is DENIED." It states, further, that appellant's motion for a protective order regarding his deposition "is DENIED. [Appellant] is admonished that his deposition is scheduled for 1:00 p.m. today [sic], 6 September 1991, and that if the [appellant] fails or refuses to appear for his deposition, the Court will impose appropriate sanctions, including the striking of [appellant's] pleadings."
On October 11, 1991, appellees filed a motion for sanctions, in which they alleged that, at approximately 10:30 a.m. on September 6, the trial court had held a hearing, at the conclusion of which it had denied appellant's motion for a protective order and directed appellant to appear for his deposition at 1:00 p.m. that afternoon. They alleged, further, that the trial court warned appellant "that if he failed to appear for his deposition, the Court would dismiss his petition with prejudice and consider other appropriate sanctions." Finally, the motion alleged that appellant did not appear for his deposition as ordered. The motion requested, among other things, that appellant's petition be dismissed with prejudice.
On October 29, 1991, the trial court entered an order striking appellant's petition with prejudice. The order recites that, on the morning of September 6, the trial court had denied appellant's motion for appointment of counsel and directed appellant to appear for his deposition at 1:00 p.m. that afternoon. The order recites, further, that the trial court "admonished [appellant] that if he failed or refused to appear for the deposition th[e] Court would impose appropriate sanctions, including striking [appellant's] pleadings with prejudice." Despite this warning, according to the order, appellant failed to appear for his deposition. Likewise, according to the order, appellant failed to appear at the hearing on the motion for sanctions, or to show good cause why his petition should not be dismissed with prejudice. The order then makes the following conclusory statement, without any discussion of the basis for the conclusions *1367 asserted: "[Appellant's] willful refusal to attend the taking of his deposition has been prejudicial to [appellees] and has resulted in [appellees] incurring unnecessary expenses." Accordingly, appellant's petition was stricken with prejudice.
On the following day, a document was received from appellant, in which appellant represented that he had appealed the trial court's order directing him to appear for his deposition on September 6 (and, in fact, the record reflects that a notice of appeal was filed on September 6); that appellant was still endeavoring to obtain counsel; and that appellant lacked the funds to travel to Florida for a hearing on appellees' motion for sanctions. The document also recites appellant's understanding that his appeal of the earlier order directing him to appear for his deposition stayed the effect of that order pending the outcome of the appeal. The record does not reflect what action, if any, the trial court took upon receipt of this document.
On appeal, appellant (now represented by counsel) argues that the trial court abused its discretion when it struck his petition with prejudice, because there is no evidence to support a finding that his noncompliance with the order that he appear for his deposition was willful, or in bad faith. Appellees, on the other hand, argue that appellant has failed to demonstrate that the trial court abused its discretion.
On appeal, the standard of review for orders such as those entered by the trial court is whether the trial court abused its discretion. E.g., Commonwealth Federal Savings and Loan Association v. Tubero, 569 So.2d 1271 (Fla. 1990); Wallraff v. T.G.I. Friday's, Inc., 490 So.2d 50 (Fla. 1986). "If reasonable persons could differ as to the propriety of the action taken, there can be no finding of an abuse of discretion." Tubero, 569 So.2d at 1273. On the record before us, we conclude that the trial court abused its discretion in two particulars.
First, it was an abuse of discretion to require appellant to submit to a deposition over his objection, without counsel, only three hours after denying appellant's motion for appointment of counsel. Instead, the trial court should have set the deposition for a date sufficiently in the future to afford appellant a reasonable opportunity to secure counsel; and told appellant that he would have to appear at that time, whether or not he had counsel.
Second, it was also an abuse of discretion to strike appellant's petition when he failed to appear for his deposition on September 6.
[T]he right of access to our courts is constitutionally protected and should be denied only under extreme circumstances... . To strike pleadings for failure to comply with a discovery order is the most severe of all sanctions and should be resorted to only in extreme circumstances... . Only a deliberate and contumacious disregard of the court's authority, bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness will justify a dismissal of pleadings for a violation of discovery procedures.
U.S.B. Acquisition Co. v. U.S. Block Corp., 564 So.2d 221, 222 (Fla. 4th DCA) (citations omitted), review denied, 574 So.2d 144 (Fla. 1990). Accord Wallraff, 490 So.2d at 51; Mercer v. Raine, 443 So.2d 944 (Fla. 1983).
Appellant's failure to attend his deposition was unquestionably willful or intentional in the sense that he intended not to appear. However, the record simply will not support a finding that appellant's failure to attend was contumacious or in bad faith. On the contrary, the only conclusion which can be drawn from a fair reading of the record is that appellant failed to appear as ordered because he believed that he was entitled to a reasonable opportunity to secure counsel; and because he believed that filing a notice of appeal from that order would act as an automatic stay of the order. Moreover, the severity of the sanction should be commensurate with the violation. Here, it is apparent that appellees were not prejudiced in any way by appellant's failure to appear. See, e.g., Beauchamp v. Collins, *1368 500 So.2d 294 (Fla. 3d DCA 1986) (dismissal is inappropriate as a sanction for violation of a discovery order when defendants are unable to demonstrate meaningful prejudice), review denied, 511 So.2d 297 (Fla. 1987).
We reverse the order striking appellant's petition with prejudice, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ERVIN and BOOTH, JJ., concur.