636 So.2d 810 (1994)
Delphia NEAL a/k/a Delphia Browning Sequine, Appellant,
v.
Evans Clay NEAL a/k/a Evans Neal and Gene Neal, Appellees.
Nos. 92-3436, 92-4150.
District Court of Appeal of Florida, First District.
May 3, 1994.
*811 W.K. Lally, Jacksonville, for appellant.
Joseph Dayton Foley, Jr., P.A., Orlando, for appellees.

ON MOTION FOR CLARIFICATION AND REHEARING, AND IN THE ALTERNATIVE, FOR REHEARING EN BANC
JOANOS, Judge.
Appellees seek clarification and rehearing, or rehearing en banc, of the opinion issued February 11, 1994. We grant the motion for clarification in part, withdraw our prior opinion, and substitute the following opinion therefor. In all other respects, the Motion for Clarification and Rehearing, and in the Alternative, for Rehearing En Banc, is denied.
Delphia Neal, the appellant/wife in this dissolution of marriage proceeding, appeals various orders of the trial court. The issues presented for review are: (1) the trial court's failure to dismiss the plaintiff/husband's complaint for failure to comply with Florida Rule of Civil Procedure 1.190; (2) the trial court's grant of the husband's motion to strike the punitive damages portion of the wife's counterclaim, and to strike a portion of the wife's answer; (3) the trial court's order striking all of the wife's pleadings and dismissing the wife's amended counterclaim and third-party complaint with prejudice; and (4) and (5) the trial court's order denying the wife's motions to dissolve injunctions and to require an injunction bond. We affirm in part and reverse in part.
The parties to this dissolution proceeding were married July 1, 1983. At that time, husband and wife were ages eighty-five and sixty-five respectively. On September 6, 1991, the husband filed a petition for dissolution of marriage, together with motions for temporary alimony and temporary injunctions, and a first request for production of documents. Temporary injunctions issued against appellant/wife on September 6, 1991, enjoining her from any action involving her real property, or funds in her individual or joint savings accounts or certificates of deposit. The injunctions awarded the husband exclusive use and possession of his residence, and restrained the wife from any contact with the husband.
On October 15, 1991, a hearing was held on the motions for injunctions and temporary alimony. Evidence at the hearing revealed that the husband's son had the locks changed on the husband's residence, and refused to admit the wife when she returned after checking on her house. The parties' financial affidavits reveal that the husband's monthly income is $1600, and the wife's monthly income is $800. The wife came into the marriage with substantial savings inherited from her deceased husband. Both parties owned their own homes, unencumbered by mortgages. At the time of the hearing, the husband, who was then ninety-four years old, testified that he required $600 per month for home care. He indicated that he still cared for the wife, but felt she had been misappropriating his money. The husband's affidavits offered in support of his motions for injunctions contained averments of fear of physical abuse from the wife, but his hearing testimony made no mention of any such fear. The only evidence in that regard was a statement by the husband's son that the husband had expressed fear of the wife.
An order was issued November 20, 1991, directing the wife to place $20,000 in an account in the joint names of the parties, and to change the names on a $10,000 certificate of deposit to a new certificate of deposit in the joint names of the parties. The order authorized the husband to withdraw $650 per month from the new bank account established pursuant to the order.
Throughout 1992, the parties filed additional pleadings and numerous motions. Among other things, the husband filed motions to compel discovery and for discovery sanctions. The wife filed a counterclaim and a third-party complaint against Gene Neal, the husband's son. The wife also filed motions to dissolve injunctions and to require an injunction bond. During this time period, the wife was hospitalized with severe depression and suicidal ideation. Upon motion of the husband, a guardian ad litem was appointed to represent the wife's interests and to assist in her participation in discovery *812 demands associated with the dissolution proceedings.
The issues with which we are concerned involve two specific orders. The first order issued October 1, 1992, and granted appellees' motion for discovery sanctions. This order states in pertinent part:
(a) the repeated failure and refusal by Delphia Neal to produce the aforementioned documents has been unjustified, has been for the purpose of intentional delay, and has been prejudicial to the other parties involved in the litigation, and (b) the repeated failure and refusal by Delphia Neal to produce documents and comply with the Court's orders has been willful, in bad faith, and is a deliberate and contumacious disregard of the Court's authority. It is therefore ORDERED and ADJUDGED that
A. All pleadings of said Delphia Neal in this action are stricken, and
B. The Amended Counterclaim and the Third-Party Complaint of said Delphia Neal are dismissed with prejudice.
The second order issued November 3, 1992, and summarily denied the wife's motions to dissolve the injunctions, and to require appellees to post an injunction bond.
The striking of pleadings or the dismissal with prejudice for noncompliance with an order compelling discovery is the most severe of all sanctions, and should be employed only in extreme circumstances. Mercer v. Raine, 443 So.2d 944, 946 (Fla. 1983). Accord Commonwealth Federal Savings & Loan v. Tubero, 569 So.2d 1271, 1273 (Fla. 1990); Wallraff v. T.G.I. Friday's, Inc., 490 So.2d 50, 52 (Fla. 1986); Carr v. Dean Steel Buildings, Inc., 619 So.2d 392, 394 (Fla. 1st DCA 1993); In re Estate of Brandt, 613 So.2d 1365, 1367 (Fla. 1st DCA 1993); Marr v. State, Department of Transportation, 614 So.2d 619, 620-621 (Fla. 2d DCA 1993). An express written finding of willful or deliberate refusal to obey a court order to comply with discovery is necessary to sustain the severe sanctions of dismissal or default against a noncomplying plaintiff or defendant. Commonwealth v. Tubero, 569 So.2d at 1273; Marr, 614 So.2d at 620-621. The severity of the sanction should be commensurate with the violation; dismissal is inappropriate when the moving party is unable to demonstrate meaningful prejudice. Brandt, 613 So.2d at 1367-1368; Beauchamp v. Collins, 500 So.2d 294 (Fla. 3d DCA 1986), review denied, 511 So.2d 297 (Fla. 1987). The standard of review for orders granting or denying dismissal or striking all or a part of a party's pleadings is whether the trial court abused its discretion. Commonwealth v. Tubero, 569 So.2d at 1273; Wallraff, 490 So.2d at 52; Mercer v. Raine, 443 So.2d at 946; Carr, 619 So.2d at 394.
In the instant case, the first request for production of documents was served on appellant/wife on September 6, 1991. In April 1992, appellees' motion for appointment of a guardian ad litem for appellant was granted. At that time, appellant was hospitalized at the direction of her psychiatrist, who declared her unable to participate in the divorce litigation. The trial court observed on the record that the wife's incapacity did not occur overnight, indicating a tacit recognition that she had been unable to participate for some time prior to April 1992. The guardian ad litem was not discharged until August 1992, which suggests that appellant was not fully competent to assist her lawyer in the discovery process until that time. The record reflects that appellees' counsel was on notice as early as October 1991 that the wife did not keep records, which would explain in part the wife's inability to produce some of the documents listed in appellees' request for discovery. The record further reflects instances in which the wife's counsel furnished all medical records obtainable from various medical providers, yet appellees' counsel continued to demand what appear to be unavailable medical records. Appellees' counsel acknowledged that document requests had been honored in part (one notice lists thirty documents furnished in response to the husband's discovery request), but argued the records were incomplete and the wife willfully refused to comply with the trial court's orders.
The record does not support a finding that the wife acted willfully, or that she failed to comply with discovery orders in any substantial *813 sense. Moreover, appellees have failed to demonstrate the requisite prejudice that would justify the extreme sanction of dismissal of all the wife's pleadings and dismissing her counterclaim and third-party complaint with prejudice. In the circumstances of this case, we conclude the trial court abused its discretion in imposing the severe sanction of dismissal of all the wife's pleadings, and the dismissal with prejudice of her counterclaim and third-party complaint, and reverse as to these matters.
As with rulings on pleadings, an appellate court's review of an order issued upon application for, or removal of, an injunction will consider whether the trial court abused its discretion in the grant or denial of the request. Gooding v. Gooding, 602 So.2d 615, 616 (Fla. 4th DCA 1992). The requirements for a temporary injunction are set forth in Florida Rule of Civil Procedure 1.610; the provisions pertaining to an injunction bond state in pertinent part:
(b) Bond. No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined... . No bond shall be required for issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.
Under the provisions of the rule, a bond is not required if the temporary injunction issued to prevent physical injury of the moving party. Hathcock v. Hathcock, 533 So.2d 802, 804 n. 3 (Fla. 1st DCA 1988), review denied, 542 So.2d 1333 (Fla. 1989). Injunctions in marital dissolution proceedings are authorized by section 61.11, Florida Statutes, which provides:
When either party is about to remove himself or his property out of the state, or fraudulently convey or conceal it, the court may award a ne exeat or injunction against him or his property and make such orders as will secure alimony to the party who should receive it.
The provision is designed to prevent dissipation of property which is, or may be determined to be, marital. Gooding, 602 So.2d at 616. While section 61.11 contains no express requirement for an injunction bond, entitlement to the extraordinary remedy of injunction is determined by reference to the rule 1.610(b) requirements. Hathcock, 533 So.2d at 803-804; Sandstrom v. Sandstrom, 565 So.2d 914 (Fla. 4th DCA 1990).
Although the motion and supporting affidavits for injunction in this case alleged the husband feared physical injury from the wife, the record does not support the allegation. In his deposition, the husband testified concerning improvements made by the wife to the marital home, i.e., the house owned by the husband prior to the parties' marriage; he expressed continuing affection for the wife, and made no statement indicating he harbored any fear of physical abuse from the wife. The only evidence adduced as to the husband's fear of the wife was a single statement to that effect by the husband's son, with no factual allegations to support the assertion.
The purpose of an injunction bond is to provide a sufficient fund to reimburse costs and damages to the adverse party if it is ultimately determined that the injunction was issued wrongfully. Cushman & Wakefield, Inc. v. Cozart, 561 So.2d 368, 370 (Fla. 2d DCA 1990). Assuming the accuracy of the husband's testimony, his savings never exceeded $16,000, yet the trial court required the wife to deposit a greater sum in a joint account with the husband. Although the order provides that the husband was authorized to withdraw $650 per month from this fund, the record indicates the husband's son was authorized to handle the husband's financial affairs. This suggests that the husband's son could make withdrawals from a fund which may prove to be non-marital property. Since the evidence is insufficient to support the allegations of the husband's affidavit concerning his fear of physical abuse at the hands of the wife, the trial court should have required an injunction bond to protect the wife from dissipation of what may be determined to be her separate property. In the unique circumstances of this case, we conclude the trial court's failure to require an *814 injunction bond constituted an abuse of discretion.
Finally, while we affirm the trial court's denial of the wife's motion to dissolve injunctions, we find the injunctions issued in this case exceeded the scope of their intended purpose, i.e., to secure a potential alimony award. See Sandstrom, 565 So.2d at 915. The record reflects that the injunctions effectively restrained the wife from all use and benefit of her real and personal property. Moreover, the record indicates the husband's unencumbered monthly income is twice that of the wife, and appears to be sufficient to provide home care for himself without assistance from the wife. Therefore, our affirmance of the continuation of the temporary injunctions is without prejudice to the wife to seek a hearing for a determination of which, if any, of her assets should be subjected to injunction, or to provide other means to secure a potential alimony award. Sandstrom.
Accordingly, we affirm with respect to issues one and two, reverse as to issues three and four, and affirm as to issue five without prejudice to appellant/wife to seek a hearing with regard to the broad sweep of the injunctions.
MINER and KAHN, JJ., concur.