652 So.2d 1200 (1995)
Robert Phillip REICH, Appellant/Cross-appellee,
v.
Bette Ann REICH, Appellee/Cross-appellant.
Nos. 93-3466 & 94-0723.
District Court of Appeal of Florida, Fourth District.
March 29, 1995.
As Corrected on Denial of Rehearing May 2, 1995.
*1201 Barbara J. Compiani of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and James Eddy, P.A., Pompano Beach, for appellant/cross-appellee.
Harvey H. Harling, Boca Raton, for appellee/cross-appellant.
PARIENTE, Judge.
The husband appeals an amended final judgment of dissolution of marriage awarding the wife an equitable interest in marital assets and rehabilitative alimony of $350 per week for four years. The wife cross-appeals an award of attorney's fees and costs, requiring her to pay a portion of the fees and failing to award her a majority of her costs. We affirm the majority of the amended final judgment but reverse because of calculations on two marital assets. We also reverse on the award of attorney's fees and costs because of the requirement the court imposed that the wife pay a portion of the attorney's fee award and the failure of the trial court to consider certain items of taxable costs.
The parties were wed in December 1988 and separated four years later, in December 1992, when the wife filed a petition for dissolution of marriage. Prior to the marriage, the husband had established his own business to which the wife made contributions during the course of their marriage as found by the trial court "in matters of public relations, both with customers and employees, such as entertaining, giving parties, and otherwise assisting the husband in whatever social activities he felt appropriate to the betterment of his business."
Shortly after the parties married, a condominium was acquired and was used as the marital residence. At the time of dissolution, the husband was earning approximately $100,000 in income from the business which had steadily grown during the marriage. The wife, a cosmetologist, was not employed during the four-year marriage, except for her efforts in the husband's business. The trial court awarded the wife $73,000 as equitable distribution of marital assets, payable as lump sum alimony, and $350 per week for four years in rehabilitative alimony. We do not disturb the designation of marital assets, the finding that the wife is entitled to equitable distribution of those marital assets or the award of rehabilitative alimony. We address only the valuation of certain assets and the *1202 subsequent award of attorney's fees and costs.

EQUITABLE DISTRIBUTION OF MARITAL ASSETS
The trial court's amended final judgment complied with subsections 61.075(1)(a) and (b), Florida Statutes (1993), to the extent that it identified and made distribution of marital assets. Based on the trial court's findings that the wife's efforts contributed to the appreciation of the husband's business, the trial court properly considered the enhancement in value of the business during the marriage as a marital asset subject to equitable distribution pursuant to subsection 61.075(5), Florida Statutes (1993). See Hanks v. Hanks, 553 So.2d 340, 341 (Fla. 4th DCA 1989); Buttner v. Buttner, 484 So.2d 1265, 1267 (Fla. 4th DCA 1986). The only problem presented by this portion of the amended final judgment is that in awarding the wife an equitable interest of $50,000 in the business, the trial court failed to value the enhancement of the business before awarding the wife her equitable interest in the enhanced value of the business.
Subsection 61.075(3)(b), Florida Statutes (1993), mandates that the trial court, in distributing marital assets, make specific written findings of fact as to the identification of marital assets, including "the individual valuation of significant assets." See also Lavelle v. Lavelle, 634 So.2d 1111 (Fla. 2d DCA 1994); Knecht v. Knecht, 629 So.2d 883 (Fla. 3d DCA 1993). While this court does not mandate specific findings of fact regarding the value of the property involved in equitable distribution, see generally Kelly v. Kelly, 557 So.2d 625 (Fla. 4th DCA 1990), appeal after remand, 579 So.2d 398 (Fla.4th DCA 1991), nevertheless, subsection 61.075(3)(b), as well as meaningful appellate review, require that at the bare minimum, a finding be made as to the amount of the asset.
Without the enhanced value of the business established in the amended final judgment, we are unable to determine what percentage of the appreciation the trial court awarded when it made the award of $50,000. Both the husband's expert CPA and the wife's expert CPA testified to a wide range of the business' present value; however, the trial court found it could not put much "probative value" in their opinions. While the trial court's award of $50,000 certainly does not appear out of line with the documentary evidence in the record supporting continued growth in the husband's business during the marital years, which growth the husband does not dispute, we are compelled to reverse and remand for further findings consistent with the requirements of subsection 61.075(3)(b).
The other significant marital asset was the condominium which was acquired shortly after the marriage. The husband did not rebut the presumption that the condominium, in which the parties resided as their marital home during the marriage, was a marital asset. Although titled in his name alone, the husband consistently listed the condominium as a joint asset. However, in making its equitable distribution award, both parties agree that the trial court undervalued the condominium's present value, but disagree over its proper valuation.
The trial court also erred in imputing only a $20,000 special equity to the husband, representing his contribution of premarital funds toward the purchase. In calculating the amount of special equity, the husband is entitled to "receive the related appreciation thereon and not merely a return of the original special equity." Stefanowitz v. Stefanowitz, 586 So.2d 460, 461 (Fla. 1st DCA 1991) (citing Griffiths v. Griffiths, 563 So.2d 773, 775 (Fla. 3d DCA 1990)); see Gregg v. Gregg, 474 So.2d 262 (Fla. 3d DCA 1985); Holmes v. Holmes, 578 So.2d 323 (Fla. 4th DCA 1991), appeal after remand, 588 So.2d 1099 (Fla. 4th DCA 1991); see also Landay v. Landay, 429 So.2d 1197 (Fla. 1983). The exact formula to be employed in calculating the amount of special equity, which is based on the percentage the separate contribution bore to the acquisition cost, is set forth in Stefanowitz, 586 So.2d at 462 n. 3, in reliance on Gregg.

AWARD OF ATTORNEY'S FEES AND COSTS
Addressing the issues on cross appeal, the trial court erred in requiring the *1203 wife to pay $3,000 of the $13,000 in attorney's fees it awarded. While we are reluctant to substitute our judgment for the trial court's, here we are once again dealing with individuals with vastly different financial situations. See Margulies v. Margulies, 645 So.2d 54 (Fla. 4th DCA 1994) and cases cited therein; see also Giovanelli v. Giovanelli, 654 So.2d 154 (Fla. 4th DCA 1995); Thompson v. Thompson, 550 So.2d 1168 (Fla. 4th DCA 1989). The husband owns his business, earns approximately $100,000 a year and has a substantial net worth consisting of a variety of assets, including a rental apartment, stocks and bonds. The wife is a cosmetologist who did not work during the four-year marriage and whose sole source of income at the time of divorce was the $350 per month in rehabilitative alimony. The wife should not be compelled to pay her attorney's fees from her rehabilitative alimony under these circumstances. See id. at 54.
The trial court is not obligated to include all of the wife's attorney's fees in its award if it does not find that all of the fees were reasonable and necessary. See section 61.16, Fla. Stat. (1993); Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991). However, once determining that the fees awarded were reasonable and necessary, the trial court should not have required the wife to pay a percentage of those fees, considering the significant difference between the husband and the wife in their present and future earning abilities and present assets.
Lastly, the trial court erred in awarding only $135.48 in costs listed in a supplemental affidavit, neglecting to award any expert fees and omitting such basic items as the filing fee. While the award of costs is within the trial court's discretion, the cost award here does not appear to be the product of an exercise of discretion. Because of confusion as to whether the previously filed original affidavit had reached the court file, the trial court may have overlooked certain items of costs and expert fees, specifically, those set forth in the original affidavit.
Accordingly, we reverse that portion of the attorney's fee award requiring the wife to pay $3,000 and we reverse and remand the award for recalculation of reasonable costs and expert fees for which the husband shall be responsible. Further, consistent with this opinion, we reverse the amended final judgment and remand in order that the trial court include a valuation of the business' enhancement and to recalculate the parties' respective interests in the condominium, giving proper credit for the husband's separate contribution. In all other respects, the amended final judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
STONE, J., and LUCY BROWN, Associate Judge, concur.