THOMPSON, Judge.
We affirm the temporary injunction.
Injunctions in marital dissolution cases are provided for by section 61.11, Florida Statutes (1995), which provides:
When either party is about to remove himself or herself or his or her property out of the state, or fraudulently convey or conceal it, the court may award a ne exeat or injunction against the party or the property and make such orders as will secure alimony or support to the party who should receive it.
This statute applies where there is an attempt to dissipate marital assets. Sandstrom v. Sandstrom, 565 So.2d 914 (Fla. 4th DCA 1990). Examples abound of the use of injunctions to prevent the dissipation of prop *498 erty which is or may later be determined to be marital property. Gooding v. Gooding, 602 So.2d 615, 616 (Fla. 4th DCA 1992), citing, Woodrum v. Woodrum, 590 So.2d 1093, 1094 (Fla. 3d DCA 1991); Stefanowitz v. Stefanowitz, 586 So.2d 460, 463 (Fla. 1st DCA 1991); Sandstrom; Rouse v. Rouse, 313 So.2d 458, 460 (Fla. 3d DCA 1975).
In the instant ease, the trial court found that although the couple had split the lottery proceeds equally in the years preceding the separation, the wife revoked the trust that had controlled the monies for the preceding six years, emptied the parties’ joint safe deposit box of all documents relating to the lottery winnings and trust documents, denied the husband access to those documents, and denied that the husband had a claim to future proceeds. We hold that the court did not abuse its discretion in finding that there was danger of dissipation of the funds, or in entering the injunction to preserve the status quo.
AFFIRMED.
DAUKSCH and GRIFFIN, JJ., concur.