PER CURIAM.
George Tuerk, personal representative of the estate of John Tuerk, appeals the denial of his motion to determine trust disposition and final order of dismissal. The personal representative argues that during the course of John Tuerk’s marital dissolution proceedings the trial judge erred in prohibiting Tuerk from funding a revocable trust. In the dissolution action, there had been a hearing on allegations that Tuerk was attempting to dissipate marital assets, and the trial court had ruled that the assets of John Tuerk and his wife remain undistributed until such time as the court made a final determination of the respective rights of the parties or until further order of the court. See Gooding v. Gooding, 602 So.2d 615, 616 (Fla. 4th DCA 1992); Woodrum v. Woodrum, 590 So.2d 1093, 1094 (Fla. 3d DCA 1991); Sandstrom v. Sandstrom, 565 So.2d 914, 915 (Fla. 4th DCA 1990).
John Tuerk agreed to abide by that order and never sought to have it revised. Tuerk died before the dissolution action was resolved. After Tuerk’s death, the personal representative filed the instant claim, arguing that the trial court’s conduct, outlined above, constituted an unconstitutional restraint of Tuerk’s right to devise his property. We need go no further than to review Tuerk’s consent and affirmation of the trial court’s order denying the trust funding to affirm the order on appeal. This determination moots the wife’s cross-appeal.
Accordingly, both orders under review are affirmed.