693 So.2d 631 (1997)
William Lloyd GIRTMAN, Appellant,
v.
Iva Hauck GIRTMAN, Appellee.
Nos. 95-02720, 95-04588.
District Court of Appeal of Florida, Second District.
April 4, 1997.
Rehearing Denied May 30, 1997.
*632 Tony C. Dodds of Weeks & Dodds, P.A., Lakeland, for Appellant.
Edward Brennan of Levine, Hirsch & Segall, P.A., Tampa, for Appellee.
PER CURIAM.
In this appeal, the former husband raises four challenges to the final judgment of dissolution. We find no abuse of discretion in any of the trial court's rulings and, therefore, affirm.
The husband was awarded assets worth $378,363 and directed to pay $33,464 in marital debts. The wife was awarded assets worth $344,613. The husband challenges the trial court's findings of fact regarding a $50,000 equitable interest in the "Lake House," as well as the valuation of a promissory note. Because there is competent and substantial evidence in the record to support the trial court's findings, we must affirm these findings which, in turn, requires a conclusion that the trial court's distribution of marital assets is not an abuse of discretion.
The husband also claims that the trial court abused its discretion by awarding permanent periodic alimony as opposed to rehabilitative alimony. He argues that the wife would have no need for permanent alimony if she became employed in a position commensurate with her educational training. The evidence was in dispute regarding the income level the wife could be expected to earn in a full time position. More importantly, it was undisputed that beginning in 1977 the wife remained at home to care for the children and maintain the household. She did not work until approximately six years prior to the separation, when she began to do part-time accounting work during the spring tax seasons. Given the duration of the marriage, the length of time that the wife had been out of the work force and the fact that she was approaching age fifty at the time of the dissolution, we cannot say that the trial court abused its discretion by awarding permanent alimony. Furthermore, based on the income levels of the husband and wife at the time of the final hearing, the trial court did not abuse its discretion by ordering the husband to pay one-half of the wife's attorney's fees and costs.
Finally, the husband asserts that the trial court abused its discretion by awarding primary residential custody of the minor children to the wife. However, the husband failed to direct our attention to any evidence in the record to support his challenge and we can find none on our own. Therefore, it cannot be said that the trial court abused its discretion. We remind the parties that the standard of review of the trial court's discretionary power is narrow. The supreme court defined the standard of review in Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980):
In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the `reasonableness' test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
Applying this standard to the subject appeal, we affirm in all respects.
Affirmed.
ALTENBERND, A.C.J., and BLUE and FULMER, JJ., concur.