FARMER, J.
We reverse two orders in the nature of temporary relief in this dissolution of marriage case.
As to the December 18th order, we reverse the mandatory injunctive relief provisions, requiring that the husband transfer to the wife the GE stock and all money and securities in the described bank accounts, on the grounds that this unique kind of temporary, injunctive relief in a dissolution proceeding is improper without also requiring that the wife furnish a bond as required by rule 1.610. See § 61.11(1), Fla. Stat. (1997) (“When either party is about to remove ... his or her property out of the state, or fraudulently convey or conceal it, the court may award a[n] ... injunction against the party ... and make such orders as will secure alimony ... to the party who should receive it.”); Fla.R.Civ.P. 1.610(b) (“No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained ... if the adverse party is wrongfully enjoined.”); Neal v. Neal, 636 So.2d 810 (Fla. 1st DCA 1994); and Sandstrom v. Sandstrom, 565 So.2d 914 (Fla. 4th DCA 1990). We distinguish the kind of injunction entered here with orders providing for support of a spouse or children.
As to the order of January 13th, requiring that husband transfer to the wife the SunTrust bank account, we reverse on the grounds that the order was entered without sufficient notice to the husband and also because it, too, fails to contain a requirement that wife furnish an injunction bond.
On a substantive level, we deem parts of both orders an abuse of discretion. We note that the husband claims some of these assets are not properly marital property, notwithstanding wife’s allegations that they are. Even if all the subject assets constitute marital property as contended by the wife, the husband still has an equal *124 interest in these assets, an interest which would preclude transferring outright ownership and sole use of such assets exclusively to the wife.[1] While it is entirely proper — even desirable — to preserve financial assets pending a final judgment equitably dividing marital property, it is an abuse of the court’s temporary relief powers to transfer such property outright to one party to the detriment of the other party’s co-equal right to the use and enjoyment thereof.
REVERSED.
DELL and WARNER JJ., concur.

. We also distinguish a temporary relief order that gives one spouse sole temporary possession of the marital home, usually to care for minor children.