PER CURIAM.
The Former Husband appeals the final judgment of dissolution, specifically challenging the delay in the issuance of the final judgment and the trial court’s award of primary residential custody of the parties’ minor child to the Former Wife. We affirm the final judgment, but remand for the trial court to strike certain findings *72 therein that are not supported by the record.
We decide first that the Former Husband’s issue regarding the sixty-three day delay between the hearing and the trial court’s issuance of the final judgment does not require reversal. Our affirmance on this issue, however, should not be construed to suggest that such a delay would never violate Florida Rule of Judicial Administration 2.050(f).
Regarding the Former Husband’s challenge to the trial court’s custody determination, we find no reversible error. However, we direct the trial court to strike from the final judgment the following findings because the record is devoid of any evidence to support them: (1) “[s]ince the entry of the domestic violence injunction the Husband has violated the injunction by following the Wife, including an incident at the Hope Shelter, which meets the definition of stalking found in Florida Statutes Section 784.048”; (2) “[t]he Husband has continued to try to control the Wife and the circumstances relating to their child, even after this action was brought, particularly during supervised visitations with the child”; and, (3) “the Husband will not abide by court orders.”
By directing the trial court to strike these findings, we must acknowledge that the trial court’s recollection of the testimony and evidence presented was not as clear as it might have been had the final judgment been entered shortly after the hearing. The other findings contained in the final judgment, however, are supported by competent, substantial evidence, and based on our review of the transcript of the proceedings, we are unable to conclude that the determination to place primary residency with the Former Wife was an abuse of discretion. See Girtman v. Girtman, 693 So.2d 631, 632 (Fla. 2d DCA 1997). Accordingly, given the narrow standard of review to be applied here, we affirm the trial court’s custody determination.
Affirmed in part; reversed in part and remanded with directions.
CAMPBELL, A.C.J., and FULMER and WHATLEY, JJ., Concur.