BLUE, Judge.
Eric C. Cord appeals a nonfinal order granting Cynthia S. Cord temporary alimony and a temporary injunction in this dissolution of marriage proceeding. Mr. Cord argues that the trial court erred by entering its order without allowing him to present evidence. We agree and reverse.
A review of the hearing transcript shows that time did not permit Mr. Cord to call any witnesses; his attorney was able to cross-examine Mrs. Cord and do only a very limited cross-examination of Mr. Cord before the trial court ended the hearing. *758 After the hearing, Mr. Cord requested additional hearing time, which was denied. In Priestes v. Priestes, 549 So.2d 246 (Fla. 2d DCA 1989), this court noted that it was generally reversible error to award temporary alimony before the paying , party had an opportunity to present evidence. The temporary support order in Priestes was affirmed, however, because of the exigent circumstances: the wife was in the final stages of pregnancy and without support, the amount awarded was not per se unreasonable, and the trial judge offered additional hearing time. See 549 So.2d at 247. In the present case, Mrs. Cord did not show that she was in an emergency situation; further, the trial court denied Mr. Cord’s request for additional hearing time. This error also affects the temporary injunction. Accordingly, we reverse the temporary alimony and temporary injunction. On remand, Mr. Cord shall be allowed a supplemental hearing. If the trial court finds the temporary alimony should have been set at a lower amount, Mr. Cord shall receive retroactive credit. See Priestes, 549 So.2d at 247. We also note that a bond is required for all temporary injunctions except those injunctions entered to prevent physical injury or abuse. See Fla. R. Civ. P. 1.610(b); see also Neal v. Neal, 636 So.2d 810, 813 (Fla. 1st DCA 1994) (noting that rule 1.610(b) bond requirement applies in family law cases).
Reversed and remanded for further proceedings.
THREADGILL, A.C.J., and STRINGER, J., Concur.