TORPY, J.
We reverse the final judgment in this marriage dissolution case on three points because certain of the lower court’s findings were either contrary to the evidence or unsupported by sufficient factual findings, and because the court failed to valúate and distribute all the marital assets.
First, we agree with Appellant that the court erred in its distribution of the art collection. In its oral ruling, the trial court apparently accepted Appellant’s testimony that Appellee had taken the Lla-dro collection, a marital asset. Nevertheless, in the final judgment, the trial court awarded less than half the value of the collection, based on the assumption that *15 Appellant had retained possession of part of the collection. Second, we conclude that the trial court should have distributed the money held by Appellee in the escrow accounts or provided an explanation for its failure to do so. Finally, we conclude that the failure of the lower court to provide values for the tractor trailer, the trucking business and the Les Quails corporation, all significant assets, requires reversal. § 61.075(3), Fla. Stat. (2007); Reich v. Reich, 652 So.2d 1200 (Fla. 4th DCA 1995); Bussey v. Bussey, 611 So.2d 1354 (Fla. 5th DCA 1993).
In all other respects, the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ORFINGER and COHEN, JJ., concur.