WELLS, J.
 

 Former husband Frederick Semon Bog-gess appeals from an order decreasing his obligation to pay permanent periodic alimony to his former wife of forty three years from $3,000 to $780.50 per month claiming that the trial court erred (1) in refusing to sanction Mrs. Boggess for discovery violations by striking her pleadings and terminating his obligation to pay alimony altogether, and (2) in the manner in which it calculated the reduced alimony that he henceforth would be obligated to pay. We find no merit in the first contention.
 
 See Neal v. Neal,
 
 636 So.2d 810, 812 (Fla. 1st DCA 1994) (“The standard of review for orders granting or denying dismissal or striking all or a part of a party’s pleadings is whether the trial court abused its discretion.”);
 
 see also Girtman v. Girtman,
 
 693 So.2d 631, 632 (Fla. 2d DCA 1997) (“In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the ‘reasonableness’ test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.” (quoting
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1203 (Fla.1980))).
 

 We do, however, agree that the court below erred in calculating the amount of permanent periodic alimony to be paid to Mrs. Boggess, because that calculation may have improperly included as “income” for Mr. Boggess, annuity payments, if they were payments from principal, and also because the calculation failed to include in Mrs. Boggess’ “income” sums she was receiving from some or all of her investments.
 

 The modification award is therefore reversed and this matter remanded for redetermination of the amount of permanent periodic alimony henceforth to be paid by Mr. Boggess. Such determination to include consideration of only
 
 income
 
 
 *117
 
 received by
 
 both
 
 parties, and exclude principal payments received by
 
 either
 
 party, ■with no amounts to be imputed to either party for purported “income” from reverse mortgages.
 
 [1]
 
 Finally, any modification ordered herein shall take effect upon entry of the recalculated award.
 

 [1]
 

 . No "income” should have been imputed to Mrs. Boggess for sums Mr. Boggess’ expert opined she might be able to secure from a reverse mortgage. A reverse mortgage is not "income”; it is a secured loan which over a period of time dissipates the equity value of an asset.
 
 See In re Early,
 
 2008 WL 2073917, at 4 (Bankr.D.D.C. May 12, 2008) (defining a reverse mortgage as a loan where the lender disburses the proceeds over a long period rather than in a lump sum and which is repaid in a lump sum when the borrower dies or when the property is sold);
 
 see generally
 
 Fla. S. Bill Analysis & Fiscal Impact Statement of Feb. 17, 2010, § 1 for Bill CS/SB 1532, p. 1 ("A reverse mortgage is a special type of loan that allows a homeowner to convert a portion of the equity in the home into cash.”).
 
 See, e.g., De Cenzo v. De Cenzo,
 
 433 So.2d 1316, 1318 (Fla. 3d DCA 1983) ("Requiring a wife to deplete her capital assets in order to maintain her standard of living is wrong as a matter of law.”).